**KELLY MOORE PAINT CO. of Texas,**
**Appellant,**

v.

**NORTHEAST NATIONAL BANK OF**
**FORT WORTH, Appellee.**

No. 16903.

Court of Civil Appeals of Texas.

Fort Worth.

March 15, 1968.

Allen, Bowles & Rogers, and William F. Bowles, Dallas, for appellant.

King & Massey, and Marion L. Massey, Fort Worth, for appellee.

OPINION

RENFRO, Justice.

This suit was brought in the nature of an equitable bill of review by "Northeast National Bank of Fort Worth" to set aside a default judgment theretofore rendered against "Northeast National Bank" in favor of Kelly Moore Paint Co. of Texas.

The bill of review was granted and Paint Co. appealed.

On January 16, 1967, Paint Co. filed its application for writ of garnishment before judgment, in which it alleged that it had sued Al Kincade for $1,008.90 and it believed Northeast National Bank was indebted to Al Kincade.

On May 1, 1967, Paint Co. obtained a default judgment against Northeast National Bank for the above amount.

The Northeast National Bank of Fort Worth filed this bill of review on June 29, 1967, and on July 26, 1967, judgment was rendered for the Bank.

In response to request for findings of fact and conclusions of law the court found, among other findings not material here, that the citation in the garnishment action has an entry made by the serving officer which states that service of citation was made by "delivering to the within named Garnishee, Northeast National Bank, (a corporation, by delivering to) Douglas R. Wosley, Cashier and Registered Agent, in person, a true copy of this writ"; the correct legal name of the defendant is "Northeast National Bank of Fort Worth"; the deputy sheriff did not serve the citation upon Douglas R. Wooley or Douglas R. Wosley, personally at any time; no copy of plaintiff's petition was attached to the citation; Douglas R. Wooley was not a "cashier" or a "registered agent" of Northeast National Bank of Fort Worth on January 17, 1967; Northeast National Bank of Fort Worth was not given notice of default judgment taken against "Northeast National Bank" pursuant to Rule 239a, Texas Rules of Civil Procedure; on January 17, 1967, Al Kincade had on deposit with the Northeast National Bank of Fort Worth the sum of $6.82; although Wooley saw the citation on his desk sometime during the 17th he was not negligent in failing to deliver it to his superior or the bank's attorney; the Bank had a meritorious defense in that Al Kincade's deposit amounted to only $6.82 and not $1,008.90; Bank was not at fault and was not negligent in failing to present its defense.

The court's findings refer to Douglas R. Wooley. The statement of facts, however, shows the last name to be spelled *Woolley* and the President of the Bank so spelled it.

The President of the Bank testified that Bank mail comes either to his desk or to the desk of Woolley, but that all legal matters are supposed to come to his desk. He never saw or heard of the garnishment writ until long after the default judgment had become final.

A vice president of the Bank testified he never heard of the garnishment suit until the latter part of June.

The deputy sheriff whose name is signed on the return testified she served a young man in the middle of the room (bank lobby?). She did not remember his name or physical appearance. Nearly all of her answers were based on what she "always does" when she serves a legal paper. She remembered asking his name but could not remember his answer. Although Woolley was present with the other witnesses outside the courtroom, she did not recognize him as the man she served.

Woolley testified he was not a cashier on January 17, and never told anyone he was such; he was an assistant cashier on that date; he was never served with a garnishment citation; he has never been served with a citation by a female officer; at bill of review trial he saw the deputy whose name appears on the return, he had never seen her before; sometime on January 17 he saw the citation on his desk, and seeing that it pertained to Kincade's account he caused a "Hold" to be placed on Kincade's account; nothing was attached to the citation; he placed the citation in his correspondence file; he never heard any more about the garnishment and did not know a default judgment had been entered; he received no notice of default judgment from the district clerk's office.

The trial court could reasonably assume that since all legal matters, under the Bank's usage, were to first go to President Brinkley, Woolley, not having been served personally with citation, was justified in thinking the citation found on his desk either did not qualify as a "legal matter" or that the President of the Bank had already seen it.

In Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), the Supreme Court held: "Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite

party, (3) unmixed with any fault or negligence of his own."

Admittedly the Bank proved (1) a meritorious defense, (2) the Bank wholly failed to show it was prevented from making that defense by fraud, accident or wrongful act of the opposite party, (3) the Bank proved to the satisfaction of the court that its failure to defend was unmixed with any fault or negligence of its own.

Relief by bill of review is made available by Rule 329b (5), T.R.C.P. The rule does not prescribe the standard by which the actions of a defaulting party must be measured except to say that the bill must be for sufficient cause and be filed within the time allowed by law. This bill was filed within the time allowed by law. The question is whether sufficient cause existed.

■ A bill of review proceeding is an equitable one designed to prevent manifest injustice.

There can be no question but a manifest injustice would be done the Bank if the default judgment were allowed to stand. The Bank never owed the Paint Co. anything except by virtue of the default judgment. It is not a case of a litigant endeavoring to avoid payment of a just debt or obligation. The evidence is undisputed that Kincade had on deposit in the Bank on January 17 the sum of $6.82. There was no conceivable way in which the Paint Co. could have recovered against the Bank any sum in excess of that amount had the Bank had the opportunity to defend the suit.

■ We believe the evidence, although conflicting in part, supports the court's finding that the Bank was never served with citation. If we are correct, then of course, the court was correct in allowing the bill of review regardless of the fact that the Paint Co. was free of fault. We affirm the judgment on that basis.

Further the court found the Bank was not at fault and was not negligent in failing to present its defense and that Northeast National Bank was not given notice of the default judgment pursuant to Rule 239a, T.R. C.P.

Rule 239a provides: "At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney shall certify to the clerk in writing the last known mailing address of the party against whom the judgment is taken, which certificate shall be filed among the papers in the cause. Immediately upon the signing of the judgment, the clerk shall mail a post card notice thereof to the party against whom the judgment was rendered at the address shown in the certificate, and note the fact of such mailing on the docket. The notice shall state the number and style of the case, the court in which the case is pending, the names of the parties in whose favor and against whom the judgment was rendered, and the date of the signing of the judgment. Failure to comply with the provisions of this rule shall not affect the finality of the judgment."

The evidence is conclusive that such notice, or any other notice, was not given to the Bank, although Paint Co. supplied the clerk with the required information.

That there are exceptions to the requirement that element (2) set out in Hagedorn was recognized by the court in its opinion, wherein it was pointed out that relief has been granted where a judgment was rendered against a party in consequence of some mistake or fault of a clerk of the court, where there was no negligence on the part of the litigant, or where the negligence was excusable.

■ One of the official duties of the clerk is to know "what his office records show with respect to pending litigation."

In Hanks v. Rosser, 378 S.W.2d 31 (1964), the Supreme Court held: " * * * we hold, within the spirit of the Hagedorn opinion, and assuming that the failure to file an answer is not intentional or the result of conscious indifference, that if a liti-

gant is misled or prevented from filing a motion for new trial by misinformation of an officer of the court, acting within his official duties, and this misinformation is given to the party or his counsel within the ten-day period for filing the motion for new trial so as to bring about the failure to file a motion for new trial in time, the trial court, upon finding that the party has a meritorious defense and that no injury will result to the opposite party, may grant the bill of review."

Particularly applicable to the instant case, in view of the evidence heretofore set out, is the following statement from the Hanks case: "The court found that Hanks was not negligent in failing to file his answer in time, and that the failure to answer was due to accident or mistake. By necessary implication, this means that the trial court was of the opinion that Hanks did not intentionally fail to answer, and that his failure to answer was not caused by conscious indifference. * * * There was evidence that Hanks did not owe Rosser the money. Under these circumstances Hanks made out a prima facie case of proving the negative: no injury to Rosser. The burden of going forward shifted to Rosser. There was no evidence that Rosser would have been damaged in any respect by the granting of the bill of review, and no effort was made to introduce any such evidence."

In the recent case of Gracey v. West, 422 S.W.2d 913 (1968), the Supreme Court, after discussing the rule in Hagedorn, stated: "The Rosser case modified the rule to the extent that where an officer of the court gives wrong information which prevents the filing of a motion for new trial by the losing party, the movant in a bill of review is excused from complying with requirement (2) * * *."

 In the instant case the clerk in his official capacity did not give Bank wrong information. His failure to give the required notice did not prevent Bank from filing a motion for new trial. The clerk did, however, fail to perform an affirmative of-

ficial duty required by law. If the notice had been given as required by Rule 239a, Bank, in all reasonable probability, would have filed a motion for new trial.

Bank, not being otherwise negligent, or at the most guilty of excusable negligence, was entitled to urge such failure of notice as a ground for equitable bill of review even though it was not prevented from answering by fraud, accident or wrongful act of the opposite party.

All of Paint Co.'s points of error have been carefully considered. Each and all are overruled.

The judgment of the trial court is affirmed.

Affirmed.