Jack WIGLEY and Jennie Wigley,
Appellants,

v.

Patricia WIGLEY and David
Wigley, Appellees.

No. 18814.

Court of Civil Appeals of Texas,
Dallas.

Feb. 26, 1976.

Rehearing Denied March 18, 1976.

Mark Delk, Dallas, for appellants.

Frank W. Stenger, Dallas Legal Services, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Jack Wigley and Jennie Wigley appeal from a domestic relations court order appointing the natural mother Patricia Jane Wigley as managing conservator of their grandchildren Patricia Lynn Wigley and

Jacqueline Michelle Wigley. However, we do not have jurisdiction of this appeal because appellants have failed to timely file an appeal bond or cash deposit in lieu thereof, as required by Tex.R.Civ.P. 356(a). This rule requires that a bond for cost, or cash deposit in lieu of bond, shall be filed with the clerk within thirty days after the rendition of judgment or order overruling the motion for new trial. The rule is mandatory and jurisdictional, and compliance cannot be waived. *Glidden Co. v. Aetna Casualty and Surety Co.,* 155 Tex. 591, 291 S.W.2d 315 (1956); *Flowers v. Muse,* 427 S.W.2d 727 (Tex.Civ.App.–San Antonio 1968, writ ref'd); and *Abington v. Goss,* 408 S.W.2d 317 (Tex.Civ.App.–Dallas 1906, writ ref'd n. r. e.).

Judgment was rendered in this case on May 30, 1975. On June 6, 1975, appellants filed their original motion for new trial. An amended motion for new trial was filed on June 26, 1975. On July 2, 1975, the parties by their attorneys entered into a written stipulation which recited that the court was unable to hear the June 6 motion when presented on June 20 and that the time for hearing the motion would be extended. The agreement provided specifically:

> 6. It is agreed between the parties that the time for determining the Motion for New Trial filed and presented by the Petitioners on June 6, 1975, shall be and it is hereby extended to *ninety (90) days after such original Motion for New Trial was filed* and the *decision of the Motion is postponed until August 4, 1975, at 2:00 o'clock P.M.,* or until some other time convenient to the Court (if the Court is unable to hear the said Petitioners' Motion for New Trial on August 4, 1975) *within the ninety (90) day period from the filing of the said original Motion for New Trial on June 6, 1975.* [Emphasis added.]

The court did not hear the motion for new trial on August 4, 1975. On August 14, 1975, Patricia Jane Wigley filed her motion to dismiss the amended motion for new trial, and on September 10, 1975, the court sustained that motion. On October 8, 1975, cash deposit in lieu of appeal bond was filed with the district clerk.

Subdivision 3 of Tex.R.Civ.P. 329b provides that:

> All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in any such agreement. Any such day certain shall not be more than ninety (90) days after such original or amended motion is filed.

Subdivision 4 of this rule concludes:

> . . . In the event the decision of the motion is postponed by any written agreement as provided in subdivision 3 of this Rule then any such original or amended motion, if not determined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon, whichever occurs first.

Appellants and appellees complied with rule 329b, subd. 3 by entering into a stipulation on July 2 to postpone the date for deciding the original motion for new trial. The stipulation cannot be construed as extending the time ninety days after filing the amended motion on June 26, 1975, because it expressly specifies an extension "within the ninety (90) day period from the filing of the said original Motion for New Trial on June 6, 1975." Although the stipulation may be subject to different constructions, it is not subject to any interpretation that would confer jurisdiction upon this court. The stipulation specifies August 4, 1975, as the time for the decision. If this is the "day certain" required by rule 329b, subd. 3, the deposit made on October 8 was too late. Even if the stipulation can be interpreted to make the ninetieth day from

the filing of the original motion on June 6, 1975, the "day certain" required by the rule, that date is September 4, 1975, and consequently, the motion was overruled by operation of law on that date, since no order disposing of the motion had been signed. Accordingly, under this interpretation, the last date for filing an appeal bond would have been Monday, October 6, 1975, and the cash deposit in lieu of bond filed on October 8, 1975, was too late.

Since this appeal was not perfected within the time prescribed by the rules, this court does not have jurisdiction.

Appeal dismissed.