**VANGUARD EQUITIES, INC., and Testor, Inc., Appellants,**

v.

**W. Harold SELLERS, Trustee, Appellee.**

**No. 1438.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1979.

Stanley A. Durak, Salt Lake City, Utah, for appellants.

Grant Cook and Michael K. Swan, Reynolds, Allan & Cook, Houston, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit to quiet title. W. Harold Sellers, Trustee, owner of the legal title to a certain 1,252 acre tract of land located in Cameron County, Texas, filed suit against Testor, Inc. (Testor), and Vanguard Equities, Inc. (Vanguard), to remove as a cloud on the title to his property, a certain "Assignment of Trust" executed by Vanguard. This Assignment purported to convey to Testor some equitable interest Vanguard allegedly owned in the property. Vanguard did not file an answer or participate in the trial. Testor defended under a general denial. After a trial to the court the judge entered a default judgment as to Vanguard, cancelled the Assignment, thereby quieting the owner's title as to Vanguard and Testor. Testor and Vanguard appealed.

The record discloses that Vanguard was an Illinois corporation formed for the purpose of acquiring property for speculative purposes. Vanguard was incorporated sometime in 1973, by an attorney named Stanley Durka. Durka, Ward Saylor, and Robert D. McNeil served in varying capacities as the officers of Vanguard. The record shows that Durka and Saylor were the primary shareholders of Vanguard. Testor is a Delaware corporation which was also

incorporated by Durka sometime in May of 1976, as a closely held family corporation. Neither McNeil nor Saylor were shareholders of Testor.

The land in question is part of an area located in Cameron County which is commonly called Boca Chica Beach. Record title to the property was held by Harold Sellers as Trustee under a warranty deed dated June 11, 1974. The deed, which was introduced into evidence at the trial, did not disclose the identity of the equitable title holders. The Assignment, which allegedly clouded Mr. Sellers' title, was introduced into evidence. It purports to have been executed by Saylor and Durka, and their respective capacities of President and Secretary of Vanguard. The Assignment (filed in the Deed Records of Cameron County on January 12, 1977) stated:

"WHEREAS, VANGUARD EQUITIES, INC., an Illinois Corporation, presently owns ONE HUNDRED PERCENT (100%) of all beneficial interests in and to that certain Trust Agreement evidenced by Letters dated August 30, 1974, and July 22, 1975, addressed to Stanley A. Durka, Attorney at Law . . .

\* \* \* \* \* \*

NOW, THEREFORE, FOR VALUE RECEIVED, said VANGUARD EQUITIES, INC., an Illinois Corporation, pursuant to appropriate authority of and at the direction of said Corporation's Board of Directors, DOES HEREBY GRANT, SELL, CONVEY, ASSIGN, TRANSFER and DELIVER to TESTOR, INC., a Delaware Corporation, and its assigns, all of its rights in and to said Trust, including all powers of direction with respect thereto and the beneficial interests therein. . . ."

Shortly after the Assignment was recorded, Mr. Sellers filed this suit against Vanguard and Testor, alleging that such assignment was a forgery and as such was a cloud on his record title. Sellers prayed for the cancellation of the Assignment and for general relief. Testor filed an "Abstract of Title" in response to Sellers' demand under Rule 791, T.R.C.P. Prior to the time evidence was presented in the trial court, the trial judge granted a default judgment against Vanguard for its failure to answer or to appear. The trial judge denied Durka's oral request (made the day the trial commenced) to participate in the trial as an attorney on behalf of Vanguard. At trial, Durka participated as one of the attorneys for Testor, and as a witness.

According to Durka, Vanguard claimed an equitable interest in the property as a consequence of certain letter agreements between "The Sellers Group" (Sellers) and "The Durka Group" (Vanguard), which allegedly set forth some of the terms of a "joint venture" arrangement between the two groups. Sellers' position at trial was that the purported joint venture, if any had been contemplated, was never consumated, and that he (Sellers) held the property as Trustee for certain other beneficiaries, pursuant to the terms of another trust.

In support of the judgment cancelling the Assignment and quieting Sellers' title to the land in question, the trial judge filed the following relevant findings of fact:

"The document entitled 'Assignment of Trust,' dated August 24, 1975, . . . was not executed by the parties who are purported to have executed the same.

"That the document entitled 'Assignment of Trust,' described hereinabove, was the only document offered in evidence which purported to convey any title or interest, equitable or otherwise, in the subject property to Defendant Testor."

Before addressing the points of error which are before us on appeal, we shall first consider Sellers' cross-point, which complains that this Court has no jurisdiction to consider an appeal on behalf of Vanguard because Vanguard failed to timely perfect its appeal. We agree.

In this case, the trial court's judgment was entered on July 18, 1978. Thereafter, on July 28, 1978, a document entitled, "Motion for Correction of Judgment and in the Alternative Motion for New Trial," was filed on behalf of Testor. This motion was heard and overruled by the trial court by an

order entered on September 1, 1978. The cash deposit in lieu of a bond was filed on October 2, 1978, on behalf of both Testor and Vanguard. The sole "Appellant's Brief" in this appeal was filed on behalf of both Testor and Vanguard.

Rule 356 of the Texas Rules of Civil Procedure requires that the bond for cost on appeal must be filed with the clerk of the trial court within thirty days after rendition of judgment or order overruling a motion for a new trial, or after a motion for a new trial is overruled by an operation of law. The requirement that the bond or deposit be filed within thirty days is mandatory and jurisdictional, *Glidden Co. v. Aetna Casualty and Surety Co.*, 155 Tex. 591, 291 S.W.2d 315 (1956); *Governing Board v. Pannill*, 561 S.W.2d 517, 520 (Tex.Civ.App.—Texarkana 1977, n. r. e.); *Metal Enterprises, Inc. v. Don Love, Inc.*, 559 S.W.2d 90, 92 (Tex.Civ.App.—Houston (1st Dist.) 1977, no writ); *Roth v. Maryland American General Insurance Co.*, 454 S.W.2d 779 (Tex.Civ. App.—San Antonio 1970, writ ref'd). Where there are several appellants, appellate jurisdiction is acquired only to those appellants who have timely filed an appeal bond, or who timely amend a defective bond. *Woods Exploration and Producing Co. v. Arkla Equipment Co.*, 528 S.W.2d 568 (Tex.Sup.1975); *Governing Board v. Pannill*, 561 S.W.2d 517, 520 (Tex.Civ.App.—Texarkana 1977, writ ref'd, n. r. e.); *Elliott v. San Benito Bank & Trust Co.*, 137 S.W.2d 1070, 1071 (Tex.Civ.App.—San Antonio 1940, no writ).

We conclude that the cash deposit, which was timely for Appellant Testor, was tardy as to Vanguard. Since Vanguard did not file a motion for a new trial (as did Testor), it was obligated to file a (cash) bond (or deposit in lieu thereof) within thirty days following the entry of the trial court's judgment on July 18, 1978. This was not done. Vanguard has not attempted to utilize any other method appropriate in situations where an appeal will not lie to question the validity and scope of the trial court's default judgment. See e.g., *Anglo Mexicana de Seguros, S.A. v. Elizondo*, 405 S.W.2d 722 (Tex.Civ.App.—Corpus Christi 1966, n. r. e.). We, therefore, conclude that we do not have jurisdiction to consider an appeal on behalf of Vanguard. That portion of this appeal is dismissed.

Our major problem concerning Testor's appeal is the "shot-gun" method in which it has attempted to attack the trial court's judgment. This is well illustrated by its prayer in its brief in which at least twelve separate prayers requesting relief are set out, most of which were never at issue in the trial court. For illustration, the request include relief for: 1) a summary judgment against Harold Sellers; 2) Judgment on the Pleading in Court; 3) censor and other appropriate discipline of the plaintiff as a member of the bar, by reason of his misconduct demonstrated by this record; 4) for "remandment (sic) for either additional evidence on specific particular issues or for a new trial"; and so forth. Appellant also contends that "While the nature of Sellers' 'trust' is the principal issue in the case, the record also presents for review several additional issues of importance which may be summarized as follows . . . . (listing of eighteen separate "corollary issues"). The result is that this brief, by an out-of-state attorney, is presented in an almost incomprehensible manner.

Points of error 7, 10, 11, and 12 contain no authorities and present only general arguments. A point of error that is not briefed fails to meet the minimum requirements of Rule 418, Texas Rules of Civil Procedure, and is considered to be waived by the Appellate Court. *Crutcher-Rolfs-Cummings, Inc. v. Ballard*, 540 S.W.2d 380, 389 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.) *cert. denied*, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977); *Inman v. Padrezas*, 540 S.W.2d 789, 797 (Tex.Civ.App.—Corpus Christi 1976, no writ); *City of Wichita Falls v. Harris*, 532 S.W.2d 653, 652 (Tex.Civ.App.—Fort Worth 1975, writ ref'd, n. r. e.). It is not up to the appellate courts to brief points of error for the attorneys. Many of the other points of error are argued in such a general manner that we cannot determine, with any degree

of certainty, the nature of the complaints, or the relevancy to this appeal. Even though it has long been the policy of this Court to indulge in a liberal construction of the briefing rules and to give every effect possible thereto, the determination of this appeal is most difficult. See our local rules relevant to "Briefs" in *Continental Oil Co. v. Dobie*, 552 S.W.2d 183, 187 (Tex.Civ.App. —Corpus Christi 1977, writ ref'd, n. r. e.) and Rules 414, 422, Texas Rules of Civil Procedure.

As we understand Appellant's point of error number six, Testor is complaining that the "Assignment of Trust" in question cannot constitute a cloud on Sellers' legal title as a matter of law. Testor is apparently contending that, because the Assignment from Vanguard does not claim to represent a legal interest in the land in question, its claim of beneficial interest "affirms, rather than attacks, such legal title as plaintiff holds himself out as possessing." This contention is without merit.

■ A cloud on title has been generally defined as a semblance of title, either legal or equitable, which is, in fact, invalid or would be inequitable to enforce. In other words, a cloud on title is an outstanding claim or encumbrance apparently valid, but is in fact, invalid. This Court has previously defined a cloud on title as follows:

> "Any deed, contract, judgment or other instrument not void on its face which purports to convey any *interest* in or makes any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." (Emphasis added.)

*Best Investment Co. v. Parkhill*, 429 S.W.2d 531 (Tex.Civ.App.—Corpus Christi 1968, no writ). See also *Fidelity Union Fire Ins. Co. v. First National Bank of Crosbyton*, 18 S.W.2d 800 (Tex.Civ.App.—Amarillo 1929, no writ); and 47 Tex.Jur.2d § 6, Quieting Title (1963).

Durka, attorney for Testor and Vanguard, testified that he had drafted the Assignment as attorney for Vanguard and that he and Saylor were acting in their respective capacities as Secretary and President of Vanguard; and that they executed the Assignment on behalf of Vanguard in the presence of Durka's wife, a notary public who thereafter acknowledged the signatures of the parties to the Assignment. Durka testified that at the time the Assignment was executed, the assignee was then undesignated and that he (Durka) later completed the Assignment by filling in the name of Testor after that corporation had been incorporated. Durka stated that he then ultimately filed the Assignment of record. Saylor, on the other hand, testified that he did not recognize the Assignment; and that he could not identify the signature thereon as being his own. He stated unequivocally that he did not believe the signature on the Assignment was his. The trial judge chose to believe Saylor and not Durka.

■ Assuming that Vanguard was, in fact, an owner of an equitable interest in the land that Mr. Sellers held as trustee, there is direct testimony and documentary evidence in the record from which the trial judge, as the fact finder, could reasonably conclude that the Assignment would require, (pursuant to the bylaws of Vanguard), two valid signatures of designated officers of the corporation as a prerequisite to the Assignment's validity. There was other evidence in the record that showed that the signature of Ward Saylor, President, was, in fact, a forgery and was not his genuine signature. The trial judge found that the "Assignment of Trust" had not been executed by the parties who purported to have executed it. This Assignment is the only basis upon which Testor claims any beneficial interest in the land in question. Testor's rights are only as valid as the instrument under which it purports to derive such beneficial interest. Accordingly, the trial court's judgment cancelling and setting aside the Assignment as a cloud on Sellers' title entitles the plaintiff to a judgment as such.

The only other point of error attacking such finding states: "The trial court's findings of fact, upon which its judgment below is based, are either insufficient as a matter

of law or contrary to the evidence." This point of error (number ten) has not been briefed either. Even if it had been briefed and we were to consider such a point of error to include both "legal sufficiency" and "factual sufficiency" assignments, they would be overruled on the merits anyway. For the law, see *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965); *In Re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Finally, Testor attempts to complain that the trial court erroneously set aside any claim that Vanguard (the defaulting defendant) may have had in the property in question. First of all, Testor's claimed beneficial interest in the land failed in the trial court because of the invalidity of the Assignment. As the record stands before us, however, the trial court's action in setting aside the purported equitable interest of Vanguard in the land in question is immaterial as to Testor. Even if we were to consider Testor's contention that the trial court erred when it failed to recognize that Vanguard had an equitable interest in the property, which had been created by certain letter agreements evidencing a purported joint venture between Sellers and Vanguard, such Assignment would be overruled as to Testor. The evidence at most on this issue is conflicting. Since no findings of fact or conclusions of law were requested or filed concerning this phase of the case, it is assumed that the trial court found every fact necessary to sustain the judgment if such factual propositions were raised by the pleadings and evidence. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). See *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.Sup.1962); *City of Corpus Christi v. Gilley*, 458 S.W.2d 124 (Tex.Civ.App.— Corpus Christi 1970, n. r. e.).

We have carefully considered each point of error presented, and find no error in the trial court's judgment which would warrant a reversal. Rule 434, T.R.C.P.

AFFIRMED.