Harry **DAWSON** et al., Appellants,

v.

**FIRST CONTINENTAL REAL ESTATE INVESTMENT TRUST d/b/a First Continental Mortgage, Appellee.**

No. 17549.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 4, 1979.

Motion for Extension of Time to File Motion for Rehearing Denied Nov. 29, 1979.

Don E. Kilpatrick, Houston, for appellants.

Bracewell & Patterson, J. Woodfin Jones, Houston, for appellee.

EVANS, Justice.

The appellee has moved to dismiss the appeal, asserting that the appellants' cost bond was not timely filed. The appellants oppose the motion to dismiss contending that their bond for costs was filed within thirty days after rendition of the second of two orders signed by the trial court overruling their motion for new trial.

The appellants' motion for new trial was filed May 3, 1979, and attached to the motion was a form to be completed by the trial court, either granting or denying the motion for new trial. On May 29, 1979, the trial judge signed and dated this form of order, indicating that the motion for new trial had been denied. This order was never entered in the minutes of the court.

Subsequent to the signing of this order, the trial judge on June 15, 1979, signed a second order, which is more formal in language and content than the first order, but

which did not purport to have any effect other than the denial of the appellants' motion for new trial.

On June 29, 1979, one day following the expiration of thirty days after the signing of the first order, but within thirty days of the signing of the second order, the appellants filed their bond for costs on appeal.

Attached to the appellants' opposition to the appellee's motion to dismiss is an affidavit of appellants' attorney in which he states that he was informed by the clerk of the trial court that the trial judge had refused to sign the formal order attached to his motion for new trial because of the several blank lines contained therein and that he was asked to prepare an additional order and submit it to the court in correct form. The attorney states in this affidavit that subsequent to the hearing on the motion for new trial, he inquired on three occasions, twice by telephone and once in person, as to the progress of the signing of the order overruling the motion for new trial and that on June 15, 1979 he was informed by the court clerk that the order overruling the motion for new trial had been signed.

The requirement that the appeal bond be filed within thirty days of the date of rendition of judgment is mandatory and jurisdictional, and the time prescribed cannot be dispensed with or enlarged by the court for any reason. *Glidden Co. v. Aetna Casualty and Surety Co.*, 155 Tex. 591, 291 S.W.2d 315 (1956). This court has no discretion to excuse a delay, even of one day, in the filing of an appeal bond. *Glidden Co. v. Aetna Casualty and Surety Co.*, supra; *Washington v. Golden State Mutual Life Insurance Company*, 405 S.W.2d 856, 857 (Tex.Civ.App.-Houston [1st Dist.] writ ref. per curiam 408 S.W.2d 227, 1966).

The order signed by the court on May 29, 1979, is clear in its import and effectively overrules the motion for new trial. Thus, the fact that it is informal does not lessen its effectiveness as the rendition of an order from which the time for filing the bond for costs of appeal must be computed. *Spoonmore v. Board of Polygraph Examiners*, 454 S.W.2d 588, 591 (Tex.Civ. App.-Tyler 1976, writ ref. n. r. e.); *International Security Life Ins. Co. v. Spray*, 468 S.W.2d 347 (Tex.1971). Neither is the order dated May 29, 1979, rendered ineffective because it was not entered on the court's minutes. In determining a time period for purposes of appeal, the date of rendition of the judgment or order shall be deemed to be the date upon which the written draft was signed by the trial judge as stated therein. Rule 306A, Texas Rules of Civil Procedure. The entry of a judgment in the minutes of the court is merely a ministerial act and has no effect on the finality of the judgment rendered. *Coleman v. Zapp*, 105 Tex. 491, 494, 151 S.W. 1040, 1041 (1912); *Bostwick v. Bucklin*, 144 Tex. 375, 190 S.W.2d 818, 819 (1945); *Morris v. State*, 539 S.W.2d 515 (Tex.Civ.App.-Houston [1st Dist.] 1976, no writ).

The second order signed by the court on June 15, 1979, was, therefore, of no effect and cannot be considered as extending the time period for purposes of appeal. It does not purport to have been entered in lieu of the original order and nowhere does it recite a purpose to vacate the original order or to correct any alleged error therein. *Ellilson v. Panhandle and Santa Fe Railway Co.*, 306 S.W.2d 909 (Tex.Civ.App.-Amarillo 1957, no writ).

Under the circumstances shown on the face of the record, the time period for filing the bond for costs of appeal was not enlarged by the signing and entering of the order of June 15, 1979. *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976). The trial court was not empowered to enlarge the period for perfecting the appeal by merely entering an order affirming its former judgment. *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex.1973).

It is generally true that lawyers and the parties in a cause are charged with notice of all orders that are rendered affecting the case. *Mayad v. Rizk*, 554 S.W.2d 835, 839 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref. n. r. e.); *Pentijis*

*v. Texas Electric Service Co.*, 470 S.W.2d 387, 390 (Tex.Civ.App.-Ft. Worth 1971, writ ref. n. r. e.). However, where a party or his attorney fails to take some timely action because of misinformation provided by the official clerk of the court, equitable relief may be appropriate. *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964); *Kelly-Moore Paint Co. v. Northeast Nat'l Bank*, 426 S.W.2d 591 (Tex.Civ.App.-Ft. Worth 1968, no writ); *Vogel v. Vogel*, 405 S.W.2d 87 (Tex.Civ.App.-San Antonio 1966, no writ). Therefore, this court's action in dismissing the appeal is without prejudice to the appellants' right to seek further relief in the trial court by means of an equitable bill of review.

The appeal is dismissed for want of jurisdiction.

PEDEN and WARREN, JJ., sitting.

On Motion for Extension of Time for Filing Motion for Rehearing

EVANS, Justice.

The appellant has requested an extension of the time for filing his motion for rehearing.

The appellant's motion for rehearing was due to be filed in this court on October 19, 1979. On October 30, 1979, eleven days after the due date for filing, appellant filed his request to extend the time for filing, stating that he had been assigned to try a jury case on October 7, 1979 and that the hearings in regard to the motions to enter judgment in that case, as well as his general law business on day-to-day matters, had occupied his time and prevented his timely filing of the motion for rehearing. The request for an extension of time to file is opposed by the appellee.

Rule 21c, Texas Rules of Civil Procedure provides in pertinent part as follows:

"An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts, motion for rehearing, or application to the supreme court for writ of error, if a motion reasonably explaining the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules."

The appellant's request to extend the time for filing his motion for rehearing does not set forth "any plausable statement of circumstances" showing that his failure to file within the requisite time period was not deliberate or intentional, but was, instead, the result of some inadvertence, mistake or mischance. *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977); *Brice v. Brice*, 581 S.W.2d 699 (Tex.Civ.App.-Dallas 1979, no writ); *Shepard v. Shepard*, 572 S.W.2d 86 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n. r. e.). The appellant has not presented this court with his motion for rehearing, and he does not suggest to this court any specific time period within which he proposes to file a motion for rehearing. The allegations contained in the request for extension of time to file do not reasonably explain the need for the requested extension within the meaning of Rule 21c, Texas Rules of Civil Procedure.

The appellant's request for an extension of time to file his motion for rehearing is denied.