**Bobby Dunman CLIFTON et al.**

v.

**C. E. HAYMES et al.**

No. 5498.

Court of Civil Appeals of Texas, Eastland.

Oct. 16, 1980.

Willis T. Taylor, Dallas, David Hamilton, Law Offices of Russell Busby, Amarillo, for appellants.

Donald M. Hunt, Key, Carr, Evans & Fouts, Michael Worley, McCleskey, Harriger, Brazill & Graf, Lubbock, for appellees.

DICKENSON, Justice.

Defendants' motion to dismiss this case for want of prosecution did not rely upon Tex.R.Civ.P. 165a. It was granted on May 18, 1979. One plaintiff's motion for reinstatement pursuant to Rule 165a was filed on August 13, and the other plaintiff's motion was filed on August 14. Both were denied on August 15. Plaintiffs' appeal bond was filed on September 12. Defendants insist that the appeal must be dismissed because the bond was not timely filed. We agree. The appeal is dismissed.

Plaintiffs, Bobby Dunman Clifton and Nancy Ann Fowlkes, sued defendants, C.E. Haymes and Gordon P. Hastings, for property damages and personal injuries result-

ing from a collision on June 2, 1974, when their automobile ran into defendants' cattle. The two lawsuits were filed in 1975. They were consolidated on March 2, 1976. The record shows that plaintiffs and their attorney failed to prosecute their lawsuit, that defendants repeatedly answered "ready for trial", and the defendants finally filed their motion to dismiss for want of prosecution on March 9, 1979, stating:

> (T)he consolidated case has been set on the 137th District Court docket on numerous occasions. The plaintiffs have never indicated at the call of the docket that they were prepared for trial. The plaintiffs have made no effort to try their case in spite of repeated insistence of both of these defendants that the case be set and tried.

There was no response to the motion, even though the file shows that notice was given to plaintiffs' attorney by certified mail, and the motion was granted on May 18, 1979. Neither the motion nor the order referred to Rule 165a.

Plaintiffs sought reinstatement of their lawsuit under the procedure authorized by Rule 165a, which provides:

> Where after a hearing the court finds that neither the party nor his attorney received a mailed notice, or acquired actual notice in any manner, of either the court's intention to dismiss or the order of dismissal prior to the expiration of twenty days after the signing of such order, the court may reinstate the case at any time within thirty days after the party or his attorney first received either a mailed notice or actual notice, but in no event later than six months after the date of signing the order of dismissal.

Defendants reply that Rule 165a also provides:

> This dismissal and reinstatement procedure shall be cumulative, independent of, and unaffected by the rules and laws governing any other procedures available to the parties in such cases.

Reinstatement under Rule 165a applies only to a court initiated dismissal pursuant to that rule. That procedure does not apply when the dismissal was ordered, as here, under the court's inherent power to grant a party's motion to dismiss a case for want of prosecution. See *Harris County v. Miller*, 576 S.W.2d 808 (Tex.1979); *Veterans' Land Board v. Williams*, 543 S.W.2d 89 (Tex. 1976); *Southern Pacific Transportation Company v. Stoot*, 530 S.W.2d 930 (Tex. 1975); *Metal Enterprises, Inc. v. Don Love, Inc.*, 559 S.W.2d 90 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ); 4 McDonald, Texas Civil Practice § 17.19 (Rev.1971, 1980 Supp.).

Since the appeal bond was not filed within thirty days after the dismissal order dated May 18, 1979, we have no jurisdiction to hear this appeal. *Glidden Company v. Aetna Casualty and Surety Company*, 155 Tex. 591, 291 S.W.2d 315 (1956); Tex.R.Civ.P. 356.

The appeal is dismissed.