Yuman BLACK, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 2–83–028–CV.

Court of Appeals of Texas, Fort Worth.

June 9, 1983.

Rehearing Denied July 21, 1983.

Don Willis, Bean, Francis, Wills & Dennis, Dallas, for appellant.

Harmon Camp, Camp, Jones, Johnson, O'Neill, Fort Worth, for appellee.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

OPINION ON MOTION TO DISMISS

PER CURIAM.

This is a motion to dismiss appellant's appeal for lack of jurisdiction.

Appellant, Yuman Black, filed a workman's compensation case against appellees, Texas Employers' Insurance Association. That case was dismissed for want of prosecution on November 24, 1982. On December 29, 1982, a motion to reinstate was filed. On January 6, 1983, a hearing was held on appellant's motion to reinstate. The trial court refused to reinstate the case for lack of jurisdiction. On February 3, 1983, appellant filed an appeal bond with this court. Appellees have responded with this motion to dismiss.

The record reflects that appellant's attorney stipulated to the fact that he did receive a copy of the Tarrant County Court Docket booklet for the month of November, 1982. Appellant's attorney also admits that his control system for checking cases against the court docket failed in that the instant case was not noted for dismissal. Appellant argues that the Tarrant County Court Docket booklet is not notice, or at most, inadequate notice to inform one of a pending case which is being dismissed for want of prosecution. Appellant argues that he should have been sent a postcard informing him of the dismissal as provided for in Tex.R.Civ.P. 306d. The rule states:

Immediately upon the signing of any final judgment or other appealable order, the clerk of the court shall mail a postcard notice thereof to each party to the suit as provided in Rule 21a. *Failure to comply with the provisions of this rule shall not affect the finality of the judgment or order.* [Emphasis added].

An appeal bond must be filed within 30 days after the order of dismissal. Tex.R. Civ.P. 356.

The 30 day period for the filing of an appeal bond is mandatory and appellate court cannot acquire jurisdiction of an appeal when an appeal bond has not been timely filed. *Glidden Company v. Aetna Casualty & Surety Company,* 155 Tex. 591, 291 S.W.2d 315 (Tex.1956); *Metal Enterprises, Inc. v. Don Love, Inc.,* 559 S.W.2d 90 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

Inasmuch as judgment dismissing this cause of action was entered on November 24, 1982, appellant's time for filing an appeal bond expired on December 24, 1982. Since appellant did not file its appeal bond until February 3, 1983, appellant failed to perfect its appeal in a timely fashion and this court acquired no jurisdiction over this appeal.

Appellee's motion to dismiss is granted.