NUMBER 13-01-134-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


BOBBY G. BURROWS, JR., Appellant,


v.



BEATRICE QUINTANILLA, Appellee.

___________________________________________________________________


On appeal from the 139th District Court


of Hidalgo County, Texas.


__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Bobby G. Burrows, Sr., purchased real property at an Internal
Revenue Service (IRS) tax auction. Appellee, Beatrice Quintanilla, sued appellant
claiming that a portion of the property appellant purchased was her homestead. After
determining appellant's quitclaim deed was a cloud on the title, the district court
rendered judgment in favor of appellee and removed the cloud on her title. By six
issues, appellant generally contends the trial court's failure to file findings of fact and
conclusions of law was harmful; the evidence is legally and factually insufficient to
support the judgment; and the judgment is void because it refers to and includes a
photostatic copy of evidence not presented at trial. We affirm.

I. Background The record in this case reveals appellee filed for divorce from David Quintanilla
in 1985. In the original divorce action, appellee joined and sued David's parents,
Genovevo and Josefina Quintanilla, and appellant. Appellee asserted she, not her in-laws, owned a portion of the property purchased by appellant at the tax auction. 
Appellee also claimed a homestead interest in that portion. In 1996, the trial court
granted appellee's divorce (1) and severed that suit from the real estate title dispute.

 At trial of the real estate action, appellee testified (1) the property at issue was
acquired from Cosme Muniz in 1982 during appellee's marriage to David; (2) they paid
$22,000.00 for the property, $11,000.00 down and the remaining $11,000.00 in
payments; (3) it was paid for by earnings of the marriage; (3) appellee's house was
built on the property and was paid for as it was being built on a cash basis in the
amount of approximately $40,000.00; (4) the home and the land on which it is built
is appellee's homestead; (5) appellee and her family lived there for eighteen months
before two other houses were built on the property; (6) appellee continued to live there
with her three children after she and David separated in 1985; (7) appellee had no
knowledge the property had been signed over to her in-laws; (8) she never signed a
deed transferring the property; and (9) she did not know the property had been
transferred until the divorce was filed. Appellee further testified she never saw
Genovevo pay for construction on her home and never heard him claim he paid for the
property. Appellee also testified she was certain that Genovevo did not pay for the
property or construction, because she and David had accumulated $22,000.00 cash
to pay for the real property and accumulated another $40,000.00 to pay for the
construction. Finally, appellee testified that David had a bad reputation and had been
involved in criminal activity, and that Genovevo tends to not tell the truth, "to turn
things around."

 Although appellee was the only witness who testified at trial, the parties
stipulated that deposition excerpts could be submitted to the court for its
consideration. We have reviewed the excerpts from the depositions of Genovevo,
Josefina, David, and David's brother and sister-in-law. (2) Each testified Genovevo
bought the land and the sons contributed no money for either the land or the homes
built on the land. David further testified that after purchasing the land, his father put
it under his name and his sons' names. Later, Genovevo asked his sons to sign the
land back to him so he could borrow money and build houses on it. David and his
brother did as their father requested.

 Additionally, the pleadings reveal that after the sons allegedly signed the title
over to their father, Genovevo secured a bank loan with the subject property. From
1994 through 1998, the IRS filed federal tax liens against the property for Genovevo's
failure to pay federal income taxes. The bank foreclosed on the property and the IRS
redeemed it on behalf of the U.S. government. At a public tax auction, appellant
purchased the property by virtue of a quitclaim deed.

II. Findings of Fact and Conclusions of Law

 By his first issue, appellant contends the trial court's failure to file findings of
fact and conclusions of law was harmful error. 

 A party may request that a court state, in writing, its findings of fact and
conclusions of law. Tex. R. Civ. P. 296. If a court fails to file findings of fact and
conclusions of law within twenty days after a timely request is filed, the requesting
party must file a "Notice of Past Due Findings of Fact and Conclusions of Law" with
the clerk of the court. Tex. R. Civ. P. 297. The filing of this notice extends the time
for the court to file its findings and conclusions to forty days from the date of the filing
of the original request. Id. Following a proper request and reminder, the trial court's
duty to file findings of fact and conclusions of law is mandatory. Cherne Indus., Inc.,
v. Magallanes, 763 S.W.2d 768, 771 (Tex. 1989); Humphrey v. Camelot Ret. Cmty.,
893 S.W.2d 55, 61 (Tex. App.-Corpus Christi 1994, no writ); In re O.L., 834 S.W.2d
415, 418 (Tex. App.-Corpus Christi 1992, no writ). The failure to respond, where a
proper request and reminder have been filed, is presumed harmful unless the record
before the appellate court affirmatively shows that the complaining party has suffered
no injury. Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996); Cherne Indus., Inc.,
763 S.W.2d at 772; Humphrey, 893 S.W.2d at 61. The question to consider in
determining harm in such a case is whether the circumstances of the particular case
would force an appellant to guess the reason or reasons that the trial court ruled
against it. Humphrey, 893 S.W.2d at 61.

 Appellant timely filed his request and past due notice for findings of fact from
the March 13, 2000, "final hearing [trial] on a real estate matter." Thus, there is
presumed harm. However, based on a review of the transcript of the hearing/trial, it
is apparent from statements made by counsel and the judge, as well as appellee's
testimony, that the issue being tried was whether appellee owned the property at issue
and had a homestead interest in it. The resulting judgment from which this appeal is
taken, removed appellant's ownership interest that was determined to be a cloud on
the title to appellee's property. It is apparent from the record that the trial court
determined appellee owned the property and that it was her homestead. Thus, the
trial court ruled against appellant ordering the cloud be removed. Appellant did not
have to guess the reason that the trial court ruled against him. See id. The first issue
is overruled.


III. Evidentiary Issues

 By his second issue, appellant contends appellee failed to establish superior
interest in the property at issue. A cloud on titled property is generally defined as a
semblance of title, either legal or equitable, that is invalid or would be inequitable to
enforce. Vanguard Equities, Inc. v. Sellers, 587 S.W.2d 521, 525 (Tex. Civ.
App.-Corpus Christi 1979, no writ). For a plaintiff to recover, she must prove her title
and recover on the strength thereof, rather than relying merely on the weakness or
invalidity of the defendant's title. Alkas v. United Sav. Ass'n of Tex., Inc., 672
S.W.2d 852, 857 (Tex. App.-Corpus Christi 1984, writ ref'd n.r.e.). In a case where
plaintiff's superior equity and right to relief is at issue, plaintiff must prove her title to
a common source with defendant. Katz v. Rodriguez, 563 S.W.2d 627, 629-30 (Tex.
Civ. App.-Corpus Christi 1977, writ ref'd n.r.e.).

 Appellant concedes both parties claim the common source of the title to the
property is Cosme Muniz. Thus, the common source element has been satisfied. 
However, appellant asserts the evidence on the issue of ownership overwhelmingly
establishes Genovevo to be the owner prior to the foreclosure, thus, appellee's
homestead interest is not superior to the interest claimed by appellant. We interpret
this to be a sufficiency of the evidence contention and review it on that basis. 
Furthermore, because appellant complains by issue three of appellee's alleged failure
to establish the real property as her homestead, and by issues five and six of the legal
and factual sufficiency to establish ownership of the property, for convenience, we will
review issues two, three, five and six together.

 When reviewing legal sufficiency, we must view the record evidence in the light
most favorable to the factfinder's decision. See Formosa Plastics Corp. U.S.A. v.
Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998); Hines v. Comm'n
for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.-Corpus Christi 2000, no pet.). 
"We sustain a legal sufficiency challenge when the record discloses: (1) that there is
a complete absence of evidence of a vital fact; (2) that the court is barred by rules of
law or of evidence from giving weight to the only evidence offered to prove a vital
fact; (3) that the evidence offered to prove a vital fact is no more than a mere scintilla;
or (4) that the evidence conclusively establishes the opposite of the vital fact." 
Northwest Mortgage, Inc. v. Salinas, 999 S.W.2d 846, 853 (Tex. App.-Corpus Christi
1999, pet. denied) (citing Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997)). "More than a scintilla of evidence exists when the evidence supporting
the finding, as a whole, rises to a level that would enable reasonable and fair-minded
people to differ in their conclusions." Northwest Mortgage, 999 S.W.2d at 853
(quoting Associated Indem. Corp. v. Cat Contracting, 964 S.W.2d 276, 286 (Tex
1998)).

 When we review the factual sufficiency of the evidence, we consider, weigh,
and examine all of the evidence which supports or undermines the finding of the trier
of fact. See Plas-Tex, Inc. v. United States Steele Corp., 772 S.W.2d 442, 445 (Tex.
1989). We review the evidence, keeping in mind that it is the fact finder's role, not
ours, to judge the credibility of the evidence, to assign the weight to be given to
testimony, and to resolve inconsistencies within or conflicts among the witnesses'
testimony. See Corpus Christi Teachers' Area Credit Union v. Hernandez, 814 S.W.2d
195, 197 (Tex. App.-San Antonio 1991, no writ). We then overturn findings only if
they are so against the great weight and preponderance of the evidence as to be
clearly wrong and unjust. See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).

 The Texas Constitution allows a person to establish a homestead, thereby
exempting the property from certain sales. Sanchez v. Telles, 960 S.W.2d 762, 769
(Tex. App.-El Paso 1997, writ denied). However, ownership alone is insufficient to
make a premises a homestead. Id. at 770. The establishment of a claim of
homestead requires the combination of both overt acts or usage and intent by the
owner to claim the land as a permanent residence. Id.

 Based on our review of the evidence in the light most favorable to the trial
court's decision, we conclude the evidence is legally sufficient to support the
judgment. See Formosa Plastics, 960 S.W.2d at 48. There is some evidence
establishing appellee's ownership of the real property and her homestead interest in
the property, an equity interest superior to appellant's interest in the property. See
Northwest Mortgage, 999 S.W.2d at 853; see also Patterson v. First Nat'l Bank of
Lake Jackson, 921 S.W.2d 240, 245 (Tex. App.-Houston [14th Dist.] 1996, no writ)
(citing Laster v. First Huntsville Props. Co., 826 S.W.2d 125, 230 (Tex. 1991) ("A
mortgage or lien is void if it is illegally obtained against homestead property, and can
never have any effect, even after the property is no longer impressed with homestead
character.")). Furthermore, weighing and examining all evidence supporting or
undermining the finding of the trier of fact, and keeping in mind the fact finder's role
in judging the credibility of the evidence, assigning the weight to be given to
testimony, and resolving inconsistencies within or conflicts among the witnesses's
testimony, we conclude the judgment is not so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust. See Ortiz, 917
S.W.2d at 772; Plas-Tex, 772 S.W.2d at 445; Corpus Christi Teachers' Area Credit
Union, 814 S.W.2d at 197. Thus, the evidence is factually sufficient to establish
ownership and a homestead interest. Issues two, three, five and six are overruled.

IV. Photostatic Copy of Evidence

 In his fourth issue, appellant complains that the final judgment is void because
it includes a reference to and attaches photostatic documents that provide a legal
description and a survey of the property at issue, documents that were not admitted
into evidence at trial. At the entry of judgment proceedings, appellant objected to the
court ordering a survey to determine the legal description of the property. Appellant
argued that it was "a little bit late to allow new evidence or testimony in terms of
property description." He objected to the court allowing, in effect, new evidence. 
However, appellee had described, in her own terms, the property she owned and
claimed as a homestead. At her deposition she testified that it included her home and
the property around her home that her ex-husband mowed. It did not include the two
additional homes on the tract of land allegedly purchased by Burrows.

 Rule of civil procedure 270 provides, in relevant part, "[w]hen it clearly appears
to be necessary to the due administration of justice, the court may permit additional
evidence to be offered at any time." Tex. R. Civ. P. 270; see Krishnan v. Ramirez, 42
S.W.3d 205, 223 (Tex. App.-Corpus Christi 2001, pet. denied) (rule 270 allows, but
does not require, a judge to permit additional evidence). The trial court's decision to
allow additional evidence to be submitted is within its discretion and will be disturbed
on appeal only when clear abuse has been shown. Krishnan, 42 S.W.3d at 223.

 In this case, it clearly appears to be necessary to the due administration justice
to have an accurate description of the property at issue. The evidence requested by
the court was for a survey and legal description of the property. The survey was
requested to provide a more specific description, a legal description, of the property
that appellee had described. Appellant challenges the propriety of referring to and
attaching the documents to the judgment, not the substance of the survey and the
legal description. Accordingly, we conclude the trial court did not abuse its discretion
in re-opening evidence to allow appellee to establish a legal description of the property. 
Thus, the final judgment is not void because it includes a reference to and attaches
photostatic documents that provide a legal description and a survey of that property. 
Issue four is overruled.

 

 Accordingly, the judgment of the trial court is affirmed.

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 25th day of July, 2002.

 
1. In 1996, when the trial court granted appellee's divorce from David, it vested title to
the property in appellee as her sole and separate property. The court ordered David to
execute and deliver to appellee the special warranty deed on this real property.
2. Appellee's deposition transcript was also submitted to the trial court for its review. 
Testimony from that transcript has been incorporated into the facts set out above.