**W. L. MOODY & COMPANY, BANKERS,**
Appellant,

v.

**Donald B. YARBROUGH et al., Appellees.**

No. 16320.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 9, 1974.

Rehearing Denied June 13, 1974.

Thomas R. Beech, Houston, for appellant.

Fred Parks, Wandel, Bousquet, McPherson & Berke, Robert E. Hudson, Houston, for appellees.

EVANS, Justice.

This is an appeal from a judgment entered by the District Court of Galveston County, Texas, which recites that it is based upon a compromise and settlement agreement made between the parties. Appellant, W. L. Moody & Co., Bankers, in two points of error, asserts the trial court erred in holding, as a matter of law, that a letter agreement dated May 25, 1972 and certain subsequent oral agreements constituted a legally enforceable settlement agreement and in refusing to empanel a jury to determine whether the minds of the parties met with respect to such agreement.

Appellant Moody filed the suit in July, 1971, alleging that appellee, Donald B. Yarbrough, as attorney for Moody, had acquired legal title to certain real property

for Moody's benefit and that without Moody's authority or knowledge, appellee deeded the property to Fidelity International Land Company and as President of that corporation had transferred ownership to Roane Interests, Inc. Moody sought to have the conveyances set aside and a constructive trust declared. Roane filed a disclaimer stating it had conveyed the property to appellee Yarbrough.

Appellee Yarbrough entered a general denial and then filed an amended answer to which he attached exhibits showing unsecured loans due in large amounts to Moody. Moody's attorneys, being concerned of possible adverse effects if the exhibits were made public, appealed to the District Judge who caused the pleadings to be removed from the District Clerk's office to avoid their being made public. Appellees' attorney then agreed to withdraw the pleading upon the understanding that a serious effort to settle the case would be made so that a settlement could be consummated prior to June 1, 1972. Appellant Moody executed the letter to appellee's attorney dated May 25, 1972 wherein he stated his acceptance of appellee's compromise settlement offer on certain terms and conditions. These conditions were that certain real property would be divided and selection of lots made as specified in the letter; that a loan to appellee from the First State Bank of Hitchcock in the principal amount of $25,000.00 would be repaid by appellee over a period of 30 months, with credit given appellee for $6,000.00 as a principal reduction in the note; that all documents, files and papers in appellee's possession would be returned to Moody and that joint and mutual releases would be executed between the parties. The letter concluded with the statement that "many of the details as to the particular points of settlement will have to be worked out in the future by the respective attorneys."

On January 19, 1973, appellee Yarbrough filed motion for entry of judgment to which he attached, as an exhibit, a copy of the letter agreement of May 25, 1972. In this motion it was alleged that pursuant to the provisions of said letter agreement, the parties had divided the real estate in question; that appellee Yarbrough stood ready to execute a new note to the First State Bank of Hitchcock in accordance with the terms of the letter; that appellee Yarbrough had been ready to execute joint and mutual releases with Moody as provided in said letter and to perform all other terms and conditions in accordance therewith. Said motion was set for hearing for May 29, 1973, but no hearing was had on that date and the docket sheet shows the hearing was reset for June 6, 1973. In July, 1973 appellant's counsel were permitted to withdraw as attorneys for appellant Moody and their present counsel substituted.

On August 9, 1973 appellant filed motion for continuance asserting that he had not received the files in the case until August 2, 1973; that he needed at least thirty days to review the files and requested the court continue the case for at least thirty days from the present setting of August 20, 1973. On that same date appellant Moody paid a jury fee and the docket sheet recites that "Plaintiff demands a jury."

On August 20, 1973 a hearing was had on the appellee's motion for entry of judgment at which time appellant's counsel presented its motion for continuance seeking a thirty day delay, which was denied. Appellant's bill of exceptions and the statement of facts reflect that the hearing was held over appellant's objections that no compromise settlement agreement had been effected and its demand for a jury to determine the issues of whether the minds of the parties had met on a settlement. The statement of facts contains some 292 pages of testimony elicited from the parties and their attorneys pertaining to the settlement negotiations.

At the conclusion of the August 20, 1973 hearing, the trial court took the case under advisement. On November 15, 1973, appellee was granted leave to file his first amended original answer wherein he as-

serted that the parties had entered into a compromise and settlement as set forth in the aforementioned letter. That same date, the court also granted appellee's motion for judgment.

The trial court filed findings of fact to the effect that the parties had executed a valid and binding compromise and settlement agreement dated May 25, 1972; that such agreement was clear and unambiguous but incomplete in that the parties had made subsequent oral agreements regarding the subject matter and implementation of the settlement. The trial court further found that the parties had agreed to divide the lots in question and to repay the loan in the manner set out in the agreement but that they had orally agreed that Moody would be responsible for the interest accruing on the indebtedness. The court further found that all of the documents provided in the agreement had been delivered to James E. Day who was appellant's agent for accepting delivery and that appellee and Day had executed joint and mutual releases and that appellee had executed a release to Moody. The court further found that appellee had at all times been willing to implement and conform to the agreement but that appellant had failed and refused to do so. The trial court concluded, as a matter of law, that the letter agreement constituted a valid, binding and legally enforceable compromise and settlement agreement and that the oral agreement concerning the payment of interest on the note was also a valid, binding and legally enforceable contract between the parties the effect of which was to impose upon appellant Moody the obligation of paying interest on the debt as it accrued. The court further found that the lots had been selected by the parties in accordance with the agreement and that appellee's conduct had been such as to discharge all his obligations under the letter agreement.

Rule 11, Texas Rules of Civil Procedure, provides:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

In McDonald, Texas Civil Practice, revised 1971, Vol. 4, § 17.22, p. 107, it is stated:

"To constitute a binding stipulation, the agreement for judgment must be in writing and filed in court or its terms must be announced in open court and be entered of record. Moreover, '[t]o constitute an enforceable agreement for judgment, there should be left nothing for adjustment between the parties relating to the subject-matter of the agreement. Until all the terms of a final judgment have been definitely agreed upon by all parties and those terms either reduced to writing or placed of record, . . . the court [is] without power to render a judgment by agreement.' The court's power to render the judgment is dependent upon the existence of the consent of all parties at the time of such rendition, and a party may withdraw his consent prior to the time the court has rendered the judgment."

■ In this case, it is apparent from the record that the trial court's judgment was not based upon stipulation made and filed pursuant to Rule 11, T.R.C.P. There were a number of matters left to negotiation between the parties and the judgment reflects on its face that it was based not only upon the May 25, 1972 letter but upon oral agreements which the court determined on the basis of evidence presented at the hearing. Clearly this was not an agreed judgment which the court was empowered, acting in its ministerial capacity, to enter without regard to pleadings and proof. See McDonald, Texas Civil Practice, § 17.-22, p. 108; Behrens v. Behrens, 186 S.W. 2d 697 (Tex.Civ.App.—Austin 1945, n. w. h.); Matthews v. Looney, 132 Tex. 313, 123 S.W.2d 871 (1939); Cureton v. Robbins, 319 S.W.2d 735 (Tex.Civ.App.—San Antonio 1958, n. w. h.). An agreed judgment

depends upon a valid and subsisting agreement between the parties at the time the judgment is entered. Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288 (1951). The record shows that there was substantial dispute between the parties as to the terms of the settlement at the time the judgment was entered and that appellant Moody made it known to the court that it did not agree with the proposed judgment.

The only basis for the judgment was the asserted compromise settlement agreement and the facts being in dispute with respect thereto, appellant was entitled to have such controversy reconciled upon proper pleadings by the jury. Applewhite v. Sessions, 114 S.W.2d 289 (Tex.Civ.App.—Beaumont 1938, n. w. h.); Matthews v. Looney, supra. The record shows that appellant Moody paid a jury fee and made demand for jury more than ten days in advance of hearing as provided by Rule 216, Texas Rules of Civil Procedure. The record shows that appellant's counsel was substituted in the case by permission granted by the court on July 27, 1973. Appellant's counsel testified he did not receive his client's files in the case until August 2, 1973, and the record shows that seven days later he made demand for jury and paid the jury fee. The local rules of the District Courts of Galveston County, of which we take judicial notice, empower the trial judge to empanel a jury for the trial of civil jury cases during any week in a term of court, notwithstanding formal procedure for setting a case on the jury docket. There is no showing that a jury was not available for the week of August 20, 1973, or that a jury trial would have seriously interfered with or impeded the orderly handling of the court's docket; we must presume the demand to have been seasonably made. See Jerrell v. Jerrell, 409 S. W.2d 885 (Tex.Civ.App.—1966, n. w. h.); 3 McDonald, Texas Civil Practice, 1103.1, p. 105.

We grant both points of error and reverse and remand the cause for further proceedings.