Lee Dale SMITH, Appellant,

v.

Charles B. DREYER, Appellee.

No. 16128.

Court of Civil Appeals of Texas, San Antonio.

Sept. 13, 1978.

Shelby W. Hollin, San Antonio, for appellant.

F. J. Stenberg, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

 Appellant's motion for extension of time to file the statement of facts is denied and the appeal is dismissed for want of jurisdiction due to appellant's failure to timely file an appeal bond or a cash deposit in lieu of such bond.

Appellant's motion for new trial was overruled on May 31, 1978. Appellant, therefore, was required to file an appeal bond or to make a cash deposit in lieu of such bond no later than June 30, 1978. Tex.R.Civ.P. 356. Appellant did not make the cash deposit to secure payment of costs on appeal until July 17, 1978.

On June 5, 1978, appellant complied with Rule 354(a) by asking the clerk to determine the amount which would be sufficient to cover the estimated costs in the trial court and the cost of the statement of facts and transcript. Such request was well within the 30-day period prescribed by Rule 356. On July 17, 1978, the clerk informed appellant that a deposit of $120.00 would be required, and on that date a deposit of $120.00 was made by appellant in lieu of filing an appeal bond.

The requirement that security for costs on appeal be given within 30 days is mandatory and jurisdictional, and the time prescribed by the rule cannot be extended by any court for any reason. Since no court has the power to excuse delay, the reasons for the delay are irrelevant. *Glidden Company v. Aetna Casualty and Surety Co.,* 155 Tex. 591, 291 S.W.2d 315, 318 (1956); *Gaskin v. Perritt,* 472 S.W.2d 211 (Tex.Civ.App.—Texarkana 1971, no writ); *Bean v. City of Arlington,* 464 S.W.2d 208 (Tex.Civ.App.—Fort Worth 1971, no writ). The promulgation of Rule 21c, adopted in 1975 and effective January 1, 1976, does not affect our decision. Rule 21c reflects a more liberal attitude toward motions for extension of time, by permitting extensions of time within which to file motions for rehearing and applications for writ of error. However, this rule does not authorize extension of time for giving the required security on appeal.

The appeal is dismissed.