**CENTRAL STATE DEPOSITORY OF CRIMINAL RECORDS, Appellant,**

v.

**M_____ M_____ M_____, Appellee.**

No. 2–83–192–CV.

Court of Appeals of Texas,
Forth Worth.

Jan. 19, 1984.

Rehearing Denied March 8, 1984.

Jim Mattox, Atty. Gen. and J.D. Hooper, Asst. Atty. Gen., Austin, for appellant.

William Greg Russell, Alley & Alley and Richard Alley, Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION ON FIRST AMENDED MOTION FOR LEAVE TO FILE UNTIMELY APPEAL

FENDER, Chief Justice.

Appellant, Central State Depository of Criminal Records, seeks an order of this Court allowing an untimely appeal. The Court, having considered Appellant's First Amended Motion for Leave to File Untimely Appeal, is of the opinion that the motion should be denied.

The underlying cause of action involved an expunction action wherein the trial court in an Order Nunc Pro Tunc signed on August 15, 1983, ordered the expunction of appellee, M_____ M_____ M_____'s, criminal records. No motion for new trial was filed.

The right of appeal from a nunc pro tunc order shall date from the day upon which the trial judge signed the nunc pro tunc order. TEX.R.CIV.P. 306(b). Appellant is exempt by law from the requirement of filing a cost bond. TEX.REV.CIV.STAT. ANN. art. 279a (Vernon 1973); art. 2276 (Vernon 1971). When a bond for costs on appeal is not required by law, the appeal is perfected when the appellant files a written notice of appeal. TEX.R.CIV.P. 363; 356(c). This must be done within 30 days after the judgment is signed. TEX.R. CIV.P. 356. A notice of appeal is governed by the same time period as a cost bond. TEX.R.CIV.P. 356(a). Additionally, Rule 356(b) provides that an extension of time may be granted by the appellate court for late filing of a cost bond if such bond is filed within 15 days after the last day allowed, and within the same period a motion is filed in the appellate court reasonably explaining the need for such extension. Even assuming that this 15-day extension applies to a notice of appeal, it is undisputed that appellant did not file his motion for leave to file an untimely appeal until 81 days after the judgment complained of was

signed. This was not within any statutory period allowed by law.

In an attempt to explain its tardiness, appellant claims that it never received appellee's motion to have a nunc pro tunc order entered, and in fact did not receive the Order Nunc Pro Tunc until October 5, 1983, which was not within 30 days after the Order complained of was signed.

■ It is well settled that the requirement that a cost bond be timely filed is mandatory and jurisdictional. *Davies v. Massey,* 561 S.W.2d 799, 800 (Tex.1978); *Glidden Company v. Aetna Casualty & Surety Company,* 155 Tex. 591, 291 S.W.2d 315, 318 (Tex.1956). The use of diligence to file a cost bond within the prescribed period, and the reasons for failure to do so, would be material considerations if compliance with the rule could be waived or excused or if the time of filing might be extended. *Glidden, supra.* However, the time prescribed cannot be dispensed with or enlarged by the courts for any reason. *Glidden, supra,* 291 S.W.2d at 318. Since no discretion is lodged in any court to excuse delay, the reasons for late filing of the cost bond (or notice of appeal), even though sufficient to justify the exercise of discretion in aid of the appeal, are not material. *Glidden, supra,* citing *Labansat v. Cameron County,* 143 S.W.2d 94 (Tex.Civ.App.—San Antonio 1940, no writ).

■ We are not persuaded that TEX. R.CIV.P. 21c applies in this instance. Although this rule reflects a more liberal attitude toward motions for extension of time on appeal by permitting extensions of time within which to file a transcript, statement of facts, motion for rehearing, or application for writ of error, this rule does not authorize extension of time for perfecting the appeal. *Smith v. Dreyer,* 572 S.W.2d 358, 359 (Tex.Civ.App.—San Antonio 1978, no writ). Further, although TEX. R.CIV.P. 5 allows a court, in its discretion and upon a showing of good cause, to extend the time period for an act to be done, this rule by its very language does not allow a court to enlarge the period for taking any action under the rules relating to the period for taking an appeal, except as stated in the Rules of Civil Procedure.

■ The application of these well-established principles to this case compels the conclusion that inasmuch as the appellant's notice of appeal was not filed within 30 days after the trial court signed the Order Nunc Pro Tunc, this Court never acquired jurisdiction over the appeal. This Court's action in dismissing the appeal is without prejudice to the appellant's right to seek further relief in the trial court by means of an equitable bill of review. *See Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964); *Kelly Moore Paint Co. v. Northeast National Bank,* 426 S.W.2d 591 (Tex.Civ.App.—Fort Worth 1968, no writ).

We deny appellant's motion for leave to file untimely appeal for the reason that this Court lacks jurisdiction to entertain this untimely appeal.