v.

**CENTRAL STATE DEPOSITORY OF CRIMINAL RECORDS, Appellee.**

No. 2–84–130–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1984.

Alley & Alley, and Richard Alley, Fort Worth, for appellant.

J.D. Hooper, Asst. Atty. Gen., Austin, for appellee.

Before FENDER, C.J., and HUGHES and JORDAN, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from the trial court's decision to grant a bill of review to the Central State Depository of Criminal Records of Texas (hereinafter CSD) which set aside a nunc pro tunc order directing that appellant's criminal record be expunged.

We reverse and remand.

In July, 1982, appellant was convicted for theft and placed on probation. On January 21, 1983, appellant moved the court to set aside her probation and this motion was granted. Several days after this, on January 27, 1983, appellant filed a petition to have her criminal record expunged pursuant to TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon 1984). On March 1, 1983, CSD filed a motion to dismiss the petition of expunction. The then visiting judge granted the motion to dismiss the petition of expunction. However, he did so in error, as he had intended to grant the petition of expunction. No action was taken on this mistake until August 18, 1983, at which time a nunc pro tunc hearing was held. After this hearing the visiting judge withdrew his earlier mistaken order and signed a nunc pro tunc order granting appellant's petition for expunction.

CSD never received notice of appellant's application for the order nunc pro tunc. Furthermore, CSD claims it failed to receive notice of the nunc pro tunc order until after the time for filing a timely appeal. When CSD finally did learn of this order it attempted to bring an untimely appeal in this Court; however, we denied their request. *See Central State Depository of Criminal Records v. M\_\_\_\_ M\_\_\_\_ M\_\_\_\_*, 665 S.W.2d 562 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

Because CSD was unable to obtain an appeal, it filed a bill of review on February 3, 1984, asking that the order nunc pro tunc be set aside and that the petition to expunge be dismissed. Appellant filed an answer and also filed special exceptions in which it claimed that CSD's bill of review did not contain the necessary allegations necessary to support such an action. On March 23, appellant made a demand for a jury trial. After a hearing on April 4, 1984, the trial court granted CSD's bill of review.

Appellant raises seven points of error. In point of error no. 1 appellant claims the trial court committed reversible error in denying appellant's timely and properly made demand for a jury trial, made pursuant to TEX.R.CIV.P. 216. We agree.

■ TEX.R.CIV.P. 216 provides that "[n]o jury trial shall be had in any civil suit,

unless application be made therefor ... a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance." Under the case law construing TEX.R.CIV.P. 216, a demand for jury trial made more than ten days before the date set for trial can only be denied if there is some explanation in the record which justifies the denial. *Coleman v. Sadler*, 608 S.W.2d 344, 346 (Tex. Civ.App.—Amarillo 1980, no writ); *W.L. Moody & Company, Bankers v. Yarbrough*, 510 S.W.2d 396, 399 (Tex.Civ.App. —Houston [1st Dist.] 1974, writ ref'd n.r. e.). A showing in the record that a jury was unavailable at the time set for trial, or that a jury trial would have seriously disrupted the docket, will justify the denial of a jury trial. *Id.* at 399.

For the case at bar there is no explanation anywhere in the record justifying the denial of appellant's demand for a jury trial. The March 23 demand occurred 12 days before the April 4 hearing. In its brief, CSD argues that appellant demanded the jury trial only after the trial court had decided on March 23 that it would grant CSD's bill of review. CSD contends that the trial court agreed to hold the hearing on April 4 only for purposes of making a record for appeal, and that in short it was just an accommodation to appellant.

We reject CSD's argument because it is not borne out by the record. An examination of the docket sheet fails to show that any hearing was held prior to April 4. On March 23 there are two entries, one that the trial was set for April 4, and the other that a demand for jury trial had been filed. An inspection of the rest of the record fails to produce any evidence to support CSD's claim that the April 4 hearing was conducted solely for the purpose of preparing a record. Appellant's first point of error is sustained. Because of our disposition of point of error no. 1, we find it unnecessary to address appellant's remaining points of error.

We reverse the judgment and remand for a new trial.