Jimmie Earl ROGERS, Appellant,

v.

Judy (Rogers) STEPHENS, Appellee.

No. 2–84–221–CV.

Court of Appeals of Texas,
Forth Worth.

Sept. 18, 1985.

Crampton, Crampton & Estrada and Holly Crampton, Wichita Falls, for appellant.

Kenneth B. Kramer, Wichita Falls, for appellee.

Before FENDER, C.J., and JORDAN and HOPKINS, JJ.

## OPINION

JORDAN, Justice.

Jimmie Earl Rogers has appealed from an order of the trial court which requires him to continue making $150.00 monthly child support payments and to pay $85.00 monthly tuition to a private school for a period of three years following his son Barry's eighteenth birthday. The trial court found that the parties' son, Barry, born January 26, 1967, has severe learning disabilities and is unable to read properly.

This appeal is based on the sole ground of error that there is no evidence to support the trial court's order.

We affirm.

The parties to this action were divorced July 22, 1981. Appellee was named managing conservator of Barry and his older brother.

On July 6, 1984, after motions were filed by both parties and after a hearing on these motions, the trial court extended the previously ordered payment by appellant of $150.00 per month child support for three years following Barry's eighteenth birthday. The trial court also ordered Rogers to pay $85.00 per month for Barry's private school tuition for this same period.

The court, upon request, filed not only original findings of fact and conclusions of law, but, also upon request, filed extensive amended findings of fact and conclusions of law. Some of the pertinent and controlling amended findings and conclusions are as follows:

\* \* \* \* \* \*

11.

On October 5, 1983, Barry Rogers was sixteen (16) years of age.

12.

On October 5, 1983, Barry Rogers was given a California Achievement Test which measures the grade level of the student.

13.

On said date, Barry Rogers measured a fourth grade level of achievement. On October 13, 1983, the Petitioner, Judy Stephens, enrolled the said Barry Rogers in the Christian Soldiers Academy at Wichita Falls, Texas. After schooling at the Christian Soldiers Academy from October of 1983 to May of 1984, Barry Rogers improved on the California Achievement Test by two grade levels.

14.

In approximately three more years of special schooling, Barry Rogers should achieve about a tenth grade level.

15.

It would be detrimental to the general welfare of the said Barry Rogers to take him out of said special school and put him in the public school system.

16.

That without special schooling and continuous care and personal supervision, for at least three years after his eighteenth birthday, the said Barry Rogers will not be able to support himself.

17.

That the said Barry Rogers is a slow learner and needs an additional three years of special education after he attains the age of eighteen years.

18.

That the said Barry Rogers has a slow learning ability caused by either a mental or physical disability.

\* \* \* \* \* \*

32.

That Barry Rogers has never participated in vocational education.

33.

That Barry Rogers would benefit from vocational education as far as being able to support himself in the future.

35.

There was no evidence produced that Barry Rogers would not be able to support himself eventually.

\* \* \* \* \* \*

Conclusions of Law

\* \* \* \* \* \*

2.

That in addition to said $150.00 per month child support payments, the said Respondent Jimmie Earl Rogers, should be required to pay $85.00 per month for the special education tuition for the said Barry Rogers beginning on September 1, 1984, to the Family Court Service of Wichita County, Texas.

3.

That the said Barry Rogers requires continuous care and personal supervision for a period of three (3) years after he attains the age of eighteen (18) years to enable him to be able to support himself.

4.

That the said Respondent, Jimmie Earl Rogers, should be required to continue the child support payments and the special school payments for a period of three

(3) years after the said Barry Rogers attains the age of eighteen (18) years.

\* \* \* \* \* \*

Our task is to determine if there is more than a scintilla of evidence to support these findings and conclusions.

■ Before addressing this issue, however, we will discuss appellee's first "Reply Point of Error," contending that appellant has waived his only point of error because he failed to substantiate it by citation of authorities. We are not impressed with this argument. Although appellant's brief does leave much to be desired it does cite sec. 14.05(b) of the Texas Family Code, and several cases. Additionally, the brief recites some of the testimony at the hearing and then argues that there is a complete lack of evidence to show: Barry needed continuous care because of a physical or mental defect; he required personal supervision because of a mental or physical disability; or he will not be able to support himself. This no evidence point of error is not one which required a lot of case or statutory citations. It is based on the facts adduced at trial and the question is simply whether there is *any evidence* to support the court's findings and orders. We overrule appellee's first "Reply Point" and proceed to consider appellant's no evidence point of error.

The authority for the court's action in this case is found in the Texas Family Code, sec. 14.05(b) (Vernon 1975), which provides as follows:

> If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period.

*Id.*

In determining whether there is any evidence to support the findings of fact filed by the trial court, we initially note that we have been cited to no cases squarely in point with this one, although there are two cases which hold generally that there must be specific findings under TEX.FAM.CODE ANN. sec. 14.05(b) before child support may be ordered to be continued past a child's eighteenth birthday. *See Poulter v. Poulter,* 565 S.W.2d 107, 111 (Tex.Civ.App. —Tyler 1978, no writ); *Mial v. Mial,* 543 S.W.2d 736, 738 (Tex.Civ.App.—El Paso 1976, no writ). Such findings were filed in our case.

■ Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App. —Houston [14th Dist.] 1977, writ ref'd n.r. e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence supporting them, *First National Bank v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In deciding a challenge to the legal sufficiency of the evidence (a "no evidence" point), we must consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *See Stedman v. Georgetown Savings and Loan Ass'n,* 595 S.W.2d 486, 488 (Tex.1979). If there is any evidence of probative force to support the challenged finding, it must be upheld. *Id.*

■ Where the factual sufficiency of the evidence to support a finding is challenged (an "insufficient evidence" point), we must consider all the evidence in support of and contrary to the challenged finding to determine if the finding is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *See Freeman v. Texas Compensation Ins. Co.,* 603 S.W.2d 186, 191 (Tex.1980); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951); *City of Lubbock v. South Plains Electric Cooperative, Inc.,*

593 S.W.2d 138, 143 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

The evidence in this record, which we hold amply supports the trial court's order of continued child support and financial aid, shows, among other things, the following facts:

1. Barry Rogers has a severe learning disability for reading and comprehension;

2. Appellant is aware of this condition, and admits Barry needs help in reading, but testified that improved reading ability would be no help in later life;

3. The public schools informed Barry's mother, appellee, that they could do nothing with Barry and suggested that she seek another school.

4. Appellee then enrolled Barry in Northwest Christian Academy, a private school;

5. Barry had had some bad experiences in public school, facing constant ridicule and harassment from his peers;

6. The most recent test of Barry's reading comprehension, done at Christian Soldiers Academy, shows an increase in reading comprehension from approximately the fourth grade reading level to between the sixth and seventh grade level;

7. Barry's personal demeanor and behavior has also improved greatly, and his opinion of himself has improved to the point where he now has expressed a desire to attend college;

8. Barry could not, at the time of the hearing, support himself;

9. Barry does not have a driver's license, because of his inability to read adequately, and must be driven by others wherever he goes.

Considering the mandate of TEX. FAM.CODE ANN. sec. 14.07(a) (Vernon 1975) that the best interest of the child shall be the court's primary concern, we think it is undisputable that the evidence recited above, which is only a small portion of the evidence in the record, clearly supports and in fact requires the order signed by the trial court on July 6, 1984.

It is our opinion that the situation presented in this case is one specifically contemplated by the legislature when TEX. FAM.CODE ANN. sec. 14.05(b) was enacted. The evidence emphatically reveals a young man with a severe disability who requires continuous care and personal supervision and who will not be able to support himself without additional special education. We strongly disagree with appellant's stated belief that improved reading ability will not aid Barry later in his life. We think it is absolutely essential that he improve his reading ability.

Appellant also contends "[a]ppellee's pleadings fail to plead the essential elements of sec. 14.05(b) necessary to recover child support past age 18." We find this contention to be without merit.

In appellee's answer to appellant's first amended motion to modify, appellee stated in pertinent part:

[Appellee] would show the Court that said minor child needs special education and is now attending Bible Believer's Baptist Church and Christian Soldier's Academy in Wichita County, Texas, and the order for support previously entered should be modified to require said Movant, Jimmie Earl Rogers, to continue child support after said minor reaches the age of eighteen (18) until said schooling is completed and that said Movant, Jimmie Earl Rogers, should be ordered to pay $85.00 per month for said special education.

This statement clearly informed appellant that their child's need for continued support would be at issue and appellee was seeking to have the child support order extended. *See Ransophor v. Deer Trails, Ltd.*, 647 S.W.2d 106, 110 (Tex.App.—Houston [1st Dist.] 1983, no writ) (pleadings sufficient if they give notice of issues to be tried; specific statutory references unnecessary).

The judgment is affirmed.