Castillo, Y etal v St (forfeiture) 







REVERSED & REMANDED 19 APRIL 1990

NO. 10-88-206-CV
Trial Court
#'s 352-87
    356-87
    576-88
    575-88 
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

YSIDRO CASTILLO, SR., ET AL,
   Appellants
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 13th Judicial District Court
Navarro County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is an appeal by various members of the Castillo family
from judgments of forfeiture in 4 separate cases, 3 of which were
tried together, and in all of which separate judgments were
rendered.
Cause 352-87, State of Texas v. 1985 Ford Ranger Truck, sought
forfeiture of a vehicle belonging to Ralph Castillo allegedly used
in violation of the Controlled Substances Act. This case was reset
from December 31, 1987, to June 20, 1988.
Cause 356-87, State of Texas v. Various Livestock, sought
forfeiture of 27 head of cattle belonging to Ysidro Castillo, Sr.
and wife. This cause was reset from December 21, 1987, to December
31, 1987, and tried on that date and January 5, 1988.
Cause 575-88, State of Texas v. One 1974 Chevrolet Corvette,
was severed out of cause of like name, as to vehicles owned by
Ysidro Castillo, Jr., Chris Castillo, and Cast Construction
Company. This case was reset from December 31, 1987, to June 20,
1988.
Cause 576-88, State of Texas v. Tracts of Real Estate, was
severed out of cause of like name, as to land owned by Ralph
Castillo. This case was reset from December 31, 1987, to June 20,
1988.
Separate judgments were entered on August 31, 1988, forfeiting
the 1985 Ford Ranger Truck belonging to Ralph Castillo; the 27 head
of cattle belonging to Ysidro Castillo, Sr. and wife; the 1974
Chevrolet dump truck owned by Chris Castillo, the 1981 Chevrolet
3/4th-ton truck owned by Cast Construction Company, and the boat
with trailer owned by Ysidro Castillo, Jr. and Cast Construction
Company; and 2 tracts of land owned by Ralph Castillo.
Appellant Ralph Castillo appeals from the judgment forfeiting
the 1985 Ford Ranger; Ysidro Castillo, Sr. and wife appeal from the
judgment forfeiting the 27 head of cattle; Ysidro Castillo, Jr.,
Chris Castillo, and Cast Construction Company appeal from the
judgment forfeiting the dump truck, the 3/4th-ton bed truck and the
boat with trailer; and Ralph Castillo appeals from the judgment
forfeiting tracts of real estate belonging to him.
All 4 appeals are briefed together in a consolidated brief of
11 points of error.
Point 1 assert "the trial court erred in denying appellants'
timely request for a jury trial".
Point 2 asserts "the trial court erred in taking judicial
notice of the testimony of a prior criminal trial involving
defendant parties".
Points 3 and 4 assert there was no evidence or insufficient
evidence that the 1985 Ford Ranger truck was used or intended for
use in violation of the Texas Controlled Substances Act.
Points 5 and 6 assert there was no evidence or insufficient
evidence that the cattle forfeited were derived from any
undertaking violative of the Texas Controlled Substances Act.
Points 7 and 8 assert there was no evidence or insufficient
evidence that the dump truck, the 3/4th-ton truck, boat and trailer
were used or intended for use in activities violative of the
Controlled Substances Act.
Points 9 and 10 assert there was no evidence or insufficient
evidence that the real property seized was derived from any
undertaking violative of the Controlled Substances Act.
Point 11 asserts the trial court erred in failing to exclude 
evidence seized as a result of an illegal search and seizure.
The individual appellants were involved with others in
organized criminal activity centered around traffic in marijuana. 
Defendants also had legitimate business interests and income from
farming, cattle raising, automobile selling, and the installation
of septic tanks and sewage systems.
The individual appellants were convicted of organized criminal
activity, assessed time in the Texas Department of Corrections and
their convictions are now pending in the appellate process.
Point 1 asserts "the trial court erred in denying appellants'
timely request for a jury trial". 
Appellants are entitled to a jury trial in a forfeiture case. 
Article I, Section 15 of the Texas Constitution provides that the
right of trial by jury shall remain inviolate and that the
Legislature shall pass laws as may be needed to regulate the same
and maintain its purity and efficiency. Article V, Section 10
provides that in the trial of all causes in the district courts,
the plaintiff or defendant shall upon application have the right of
trial by jury, if the jury fee be paid and with such exceptions as
may be prescribed by the Legislature.
Exceptions to the right of trial by jury are narrowly
construed and a sound reason must exist for the denial of a trial
by jury. State v. Credit Bureau of Laredo, Inc., S.Ct., 530 S.W.2d
288. And all persons are entitled to a trial by jury of any facts
affecting their property rights. Clayton v. Clayton, CCA
(Texarkana) NWH, 308 S.W.2d 557; Harris v. Harris, CA (Dallas) Writ
Denied, 697 S.W.2d 75. 
A forfeiture case brought under Article 4476-15, V.A.T.S.
involves fact issues. The State must prove by a preponderance of
the evidence that the property alleged for forfeiture was derived
from activity violative of the Controlled Substances Act. And
because forfeiture cases present issues of fact concerning a
defendant's property interest, a defendant is entitled to a jury
trial upon timely demand. There is no language in Article 4476-15
denying a jury trial in a forfeiture case. Thus the general
constitutional right to a jury trial in a civil case remains
applicable.
Appellants made a timely demand for a jury trial and timely
deposited the jury fee. Rule 216 T.R.C.P.


, in effect in 1987
provided in pertinent part: "No jury trial shall be had in any
civil suit, unless application be made therefor and unless a fee of
five dollars if in the district court * * [be paid] on or before
appearance day or, if thereafter, a reasonable time before the date
set for trial of the cause on the non-jury docket, but not less
than ten days in advance".
The 4 cases here were first set for non-jury trial for
September 14, 1987; and thereafter reset for December 21, 1987, at
9:00 A.M. On December 21, 1987, the trial judge reset these cases
for December 31, 1987. At 11:30 A.M. on December 21, 1987, after
the court reset the cases for December 31, 1987, request for jury
was made in each case, in writing, and the required fee tendered.
The trial court tried Cause 356-87, the livestock case on
January 5, 1988, and tried the other 3 cases on June 20, 1988, and
rendered judgment in the 4 cases on August 31, 1988. 
Appellants made application for a jury and paid the jury fee
not less than 10 days in advance of the date the cases were set for
trial.
Having timely demanded a jury and depositing the correct jury
fee with the proper officer, appellants' right to a trial by jury
became fixed. Barker v. Kidd, CCA (Austin) NWH, 357 S.W.2d 490;
Meyer v. Henery, CCA (Austin) NRE, 400 S.W.2d 933; Jerrell v.
Jerrell, CCA (San Antonio) NWH, 409 S.W.2d 885; Lopez v. Lopez, CA
(San Antonio) NWH, 691 S.W.2d 95; First Bankers Ins. Co. v.
Lockwood, CCA (Amarillo) NWH, 417 S.W.2d 738.
While it has been held that payment of the jury fee, made more
than 10 days in advance of trial, does not in all instances, make
payment timely as a matter of law, Texas Oil & Gas Corp. v. Vela,
S.Ct., 429 S.W.2d 866, there is nevertheless a presumption in such
case that it was paid in a reasonable time and the trial court
abuses its discretion in denying jury trial unless the record
reflect that: (1) granting the jury trial will injure the adverse
party; or (2) granting the jury trial will disrupt the court's
docket or seriously interfere with and impede the ordinary handling
of the court's business. Hardy v. Port City Truck Sales, Inc., CA
(Houston 14) NRE, 693 S.W.2d 578; Aronoff v. Texas Turnpike
Authority, CCA (Dallas) NWH, 299 S.W.2d 342; W. L. Moody Co.
Bankers v. Yarbrough, CCA (Houston 1) NRE, 510 S.W.2d 396; Coleman
v. Sadler, CCA (Amarillo) NWH, 608 S.W.2d 344; MMM v. Central State
Repository of Criminal Records, CA (Fort Worth) NWH, 681 S.W.2d
908; McKern v. McCann, CA (Austin) NWH, 675 S.W.2d 222. 
There is no evidence in this record to rebut the above
presumption.
The State contends that the jury request and jury fee paid,
must be 10 days in advance of the first setting of the case on the
non-jury docket, and that the passage of time following a
continuance of the non-jury setting cannot operate to reopen the
time in which to file a jury request and pay jury fee 10 days in
advance of the later non-jury setting, citing Browner v. Arellano,
CA (San Antonio), 757 S.W.2d 526. 
Coleman, supra, is directly contra to Browner. In Coleman the
request for jury and payment of fee was permitted and jury granted
when the request and payment were 10 days in advance of a
subsequent setting on the non-jury docket after postponement from
the original non-jury setting.
Moreover, the Supreme Court granted a writ in Browner but
dismissed the cause as moot when the parties advised the court the
case had been settled. The court of appeals case in Browner thus
stands for nothing. Browner v. Arellano, S.Ct., 758 S.W.2d 757.
See also Sections 23 and 24 Jury, 49 Tex.Jur.3d, p. 44, et
seq; Section 11.03.1 Demand for Jury, 3 McDonald Texas Civil
Practice, p. 88, et seq; which are in accord with the foregoing.
Point 1 is sustained and requires a reversal and remand of
these cases.
Point 2 asserts "the trial court erred in taking judicial
notice of the testimony of a prior criminal trial involving the
appellants".
Point 2 is sustained. Traweek v. Larkin, CA (Tyler) NRE, 708
S.W.2d 943.
In view of another trial, we express no opinion on points 3
through 11.
The judgment in each of the 4 cases is reversed and each case
is remanded for new trial.
REVERSED & REMANDED

                               FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means, and
Chief Justice (Retired) McDonald]