IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-91-467-CV





GUARANTY FEDERAL SAVINGS BANK,



 APPELLANT


vs.





DONALD R. DEARING AND WIFE, LULA MAE DEARING, 


AND JAMES K. PRESNAL,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 471,245, HONORABLE JOE B. DIBRELL, JUDGE



 





PER CURIAM



 Appellant Guaranty Federal Savings Bank has filed a motion for rehearing asking
this Court to reconsider its opinion and judgment of November 20, 1991, dismissing the appeal
for want of jurisdiction. We previously granted Guaranty Federal leave to file a transcript and
statement of facts in support of its motion. We will overrule the motion for rehearing.

 The district court signed a summary judgment in favor appellees Donald and Lula
Mae Dearing and James K. Presnal on June 26, 1991. Guaranty Federal timely filed a motion for
rehearing and new trial on July 25, 1991. Tex. R. Civ. P. Ann. 329b(a) (Supp. 1991). 
Nevertheless, Guaranty Federal filed a motion to amend judgment date. See Tex. R. Civ. P. Ann.
306a(4),(5) (Supp. 1991). After a hearing, the trial court determined that



. . . the motion is meritorious and should be granted in part.


 IT IS THEREFORE, ORDERED that the date that shall determine the
beginning of the period prescribed by the Texas Rules of Civil Procedure for the
Court's plenary power to act and for other various matters described in Rule
306(a)(1) shall be and the same is hereby ordered to be July 10, 1991.



(Emphasis added). Guaranty Federal then counted the time within which to perfect its appeal
from July 10th and not June 26th, the date of signing of the judgment. Because July 10th was not
more than twenty days from the day judgment was signed, we concluded that Guaranty Federal
should have complied with Tex. R. App. P. Ann. 41(a) (Pamph. 1991) and dismissed the appeal
for want of jurisdiction. See Rule 306a(4),(5); Tex. R. App. P. Ann. 5(b) (Pamph. 1991);
Memorial Hosp. v. Gillis, 741 S.W.2d 364 (Tex. 1987).

 After we issued our opinion and judgment, Guaranty Federal filed, in the trial
court, a motion regarding no notice of judgment. Guaranty Federal asked that court to find that:
(1) Guaranty Federal first received notice of judgment on July 10, 1991; (2) the amended
judgment date was based upon counsels' agreement to facilitate a hearing on the motion for
rehearing filed in the trial court; (1) and (3) "the beginning of the period that runs from the signing
of the judgment be July 21, 1991." On December 17, 1991, the trial court issued its order
stating:



For the benefit of the Court of Appeal, . . . the Court conditionally grants that
Guaranty Federal received actual notice of signing of judgment on July 21, 1991. 
The Court further finds that Guaranty Federal received notice of judgment on July
9, 1991.

 In its motion for rehearing and brief filed in this Court, Guaranty Federal requests
that we reconsider our judgment of dismissal. Guaranty Federal asserts that the record now
before this Court "demonstrates that Guaranty Federal first received either notice or actual
knowledge of the entry of" judgment on July 21, 1991.

 We do not address Guaranty Federal's assertion. The trial court initially stated that
the relevant date was July 10, 1991, and did not make a finding that the date was more than
twenty days after the judgment was signed. Only after this Court dismissed its appeal did
Guaranty Federal return to the trial court to obtain the findings necessary pursuant to Rule 306a
and Rule 5. Although neither rule sets a time limit within which to establish the date of notice,
we conclude that, in this case, Guaranty Federal should have perfected its appeal pursuant to Rule
41(a). Sur v. R.W. Otts, Inc., 800 S.W.2d 647 (Tex. App. 1990, writ denied).

 The date Guaranty Federal's attorney received notice did not prevent Guaranty
Federal from filing a timely motion for new trial. Furthermore, Guaranty Federal did not obtain
the requisite finding at the time of the first motion and hearing pursuant to Rule 306a.

 Accordingly, the motion for rehearing of Guaranty Federal Savings Bank is
overruled.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Filed: February 19, 1992

[Do Not Publish]

1. [1]  We find no merit to the argument that the parties agreed to the date of July 10, 1991. Texas
R. Civ. P. Ann. 329b (Supp. 1991) does not provide for an extension of time within which to hear
a motion for new trial. Compare Tex. R. Civ. P. Ann. 329b(4) (1961, amended 1981) (motions
for new trial must be determined within forty-five days after filing unless decision postponed by
written agreement of parties). Rule 306a allows for time limits to run other than from the date
of judgment only if a party did not receive notice within twenty days of the signing of judgment. 
See Tex. R. Civ. P. Ann. 5 (Supp. 1991); Cent. St. Dep. of Crim. Rec. v. M M M , 665 S.W.2d
562, 564 (Tex. App. 1984, writ ref'd n.r.e.). Parties cannot confer appellate jurisdiction on a
court by consent. Hogan v. G.,C.&S.F. Railway Company, 411 S.W.2d 815, 816 (Tex. Civ.
App. 1966, writ ref'd); Welder v. Fritz, 750 S.W.2d 930, 932 (Tex. App. 1988, orig.
proceeding).