ACCEPTED
06-13-00110-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/27/2015 3:16:49 PM
DEBBIE AUTREY
CLERK

## No. 06-13-00110-CR

**IN THE**

**SIXTH COURT OF APPEALS**

**AT TEXARKANA, TEXAS**

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

1/27/2015 3:16:49 PM

DEBBIE AUTREY
Clerk

Michael Earitt White,

Appellant,

v.

The State of Texas,

Appellee.

_____

On Appeal from the

County Court at Law, Lamar County, Texas

Hon. Bill Harris, Presiding

_____

**APPELLANT'S BRIEF IN REPLY**

Don Biard

State Bar No. 24047755

Counsel for Appellant

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

*Defendant Below*
*Appellant in this Court*

Michael Earitt White

Counsel for Appellant:

    Don Biard                                    (on appeal)
    State Bar No. 24047755
    38 First Northwest
    Paris, Texas 75460
    Tel:  (903)785-1606
    Fax: (903)785-7580
    Email:  dbiard@att.net

    Jo Nita Moody                              (at trial)
    State Bar No. 16340800
    41 West Side Square
    Cooper, Texas 75432
    Tel:  (903)395-2400

*Appellee in this Court*

The State of Texas

Counsel for Appellee:

    Gary Young
    Lamar County Attorney's Office
    119 N. Main Street
    Paris, Texas 75460
    Tel:  (903)737-2458
    Fax: (903)737-2455

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………...........…………………………………1

Table of Contents……………………...........………………………………………….2

Index of Authorities……………….........……………………………………….....3

Issues Presented…………………………………………………………….………4

Statement of the Case…………………………………………………………...5

Procedural History……………………...…………………………………….....6

Argument and Authorities………………………...........…………………………......7-9

Prayer……………….……...………………………………………………………10

Certificate of Service…………………...........……………………………….……...11

Certificate of Compliance With Rule 9.4(i)(3)........................................................12

# INDEX OF AUTHORITIES

## Caselaw

*Republic Underwriters Ins. Co. v. Mex-Tex., Inc.,* 150 S.W.3d 423, 427 (Tex. 2004)................................................................................................................7

*Rogers v. Stevens,* 697 S.W.2d 75 (Tex. App. – Fort Worth 1985).........................7

*Tong v. State,* 25 S.W.3d 707 (Tex. Crim. App. 2000)...........................................7

*Washington v. State*, 127 S.W. 3d 197, 203 (Tex. App. – Houston [1st Dist.] 2003, pet. dism'd)................................................................................................8

## Statutes

Texas Transportation Code §521.457....................................................................7

## SUBJECT MATTER OF ISSUE PRESENTED

**I.  Appellant's point of error is adequately briefed.**

**II.  A claim of insufficient evidence may be raised for the first time on appeal.**

**III.  Appellant was not required to request a jury instruction on an affirmative defense at trial to challenge the sufficiency of the evidence on appeal.**

# STATEMENT OF THE CASE

*Nature of the Case:*        Plea of Not Guilty to One Charge of Driving While License Suspended

*Trial Court:*        The Honorable Bill Harris
County Court at Law, Lamar County, Texas

*Trial Court Disposition:*        A jury convicted Appellant and sentenced Appellant to a 90 day jail term and a $1,000.00 fine

**PROCEDURAL AND FACTUAL HISTORY**

Appellant adopts herein the procedural and factual background set forth in

Appellant's Original Brief.

**Issue No. 1 in Reply Restated: Appellant has adequately brief the point of error by citing to relevant primary authority.**

The state asserts in its brief that Appellant has failed to adequately brief his point of error. Courts have long recognized that there are some cases in which the appropriate authorities are very limited.[1] Admittedly, there is very limited case law regarding the underlying offense in this case. However, this is understandable given the offense. It is ordinarily a Class C misdemeanor offense and numerous published appellate opinions on such offenses are not the norm.[2]

Further, legal authority is sometimes of limited value when an argument consists primarily of reviewing pertinent portions of the record and urging the court of appeals that there is no evidence supporting a particular finding by the trier of fact.[3]

However, here, Appellant has provided the court with numerous citations to primary authority – the controlling statutes. And, Appellant has given the court "a relevant jurisprudential framework for evaluating" Appellant's point of error.[4]

---

[1] *Republic Underwriters Ins. Co. v. Mex-Tex., Inc.*, 150 S.W.3d 423, 427 (Tex. 2004).
[2] Tex. Transp. Code §521.457(e)
[3] *Rogers v. Stevens*, 697 S.W.2d 75 (Tex. App. – Fort Worth 1985).
[4] *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000).

**Issue No. 2 in Reply Restated: In a criminal case, the appellant may raise legal sufficiency for the first time on appeal.**

In its brief, the state asserts that Appellant has failed to preserve his point of error because "this argument did not comport to the argument made in the trial court."[5] However, it is well settled that a criminal appellant may raise a claim of insufficient evidence for the first time on appeal.[6] There is no requirement that a criminal Appellant make this argument to the trial court or assert it in a motion for new trial. The state has not provided any authority to the contrary nor asserted any argument why the rule should be different in this case.

**Issue No. 3 in Reply Restated: Appellant was not required to request a jury instruction on an affirmative defense.**

The state asserts in its brief that "it was incumbent upon White to prove that his suspension period could not have lawfully begun under Tex. Transp. Code Ann. §521.292(a), §521.295(a)-(b), §521.297(a) (West 2013) by requesting an issue in the jury charge and to prove such an affirmative defense by a preponderance of the evidence."[7]

As noted in Appellant's brief, Appellant's point of error does not concern the affirmative defense provided in Tex. Transp. Code §521.457(d). That

---

[5] State's Brief, pg. 11
[6] *Washington v. State*, 127 S.W. 3d 197, 203 (Tex. App. – Houston [1st Dist.] 2003, pet. dism'd).
[7] State's Brief, pg. 17

provision provides for an affirmative defense to prosecution if it can be shown that the defendant did not receive actual notice of his license suspension.

Again, that is not what is being argued on appeal. Appellant asserts on appeal that the evidence is insufficient to support his conviction because the evidence at trial did not show that his license was suspended at the time he was driving. As shown in Appellant's brief, that is an essential element of the charged offense and one which the state was required to prove beyond a reasonable doubt.[8]

## CONCLUSION

There is no evidence to show that Michael Earl White was driving during a time when his license was lawfully suspended. Accordingly, the conviction should be reversed.

---

[8] Appellant's Brief, pg. 11

**PRAYER**

Appellant asks this court to reverse the conviction and render a judgment of acquittal.

Respectfully Submitted,

**/s/ Don Biard**

_____

Don Biard
State Bar No. 24047755
38 First Northwest
Paris, Texas 75460
Tel:  (903)785-1606
Fax: (903)785-7580
Email: dbiard@att.net
Counsel for Appellant

## CERTIFICATE OF SERVICE

I certify that on January 27, 2015 a copy of the foregoing Appellant's Brief was served to the following parties by hand delivery and regular mail.

**/s/ Don Biard**

_____

Don Biard

Attorney for Appellee:
Gary Young
Lamar County Attorney's Office

**CERTIFICATE OF COMPLIANCE PURSUANT TO TEXAS RULE OF APPELLATE PROCEDURE 9.4(i)(3)**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, Counsel for Appellant files this certification that Appellant's brief is a computer-generated document that contains 1,227 words. Counsel further certifies that he relied on the word count of the computer program used to prepare this document.

Respectfully submitted,


____/s/Don Biard_____
DON BIARD
State Bar No. 24047755
McLaughlin, Hutchison & Biard
38 First Northwest
Paris, Texas 75460
Tel: (903)785-1606
Fax: (903)785-7580
Attorney for Appellant