**Affirmed and Opinion Filed April 17, 2015**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00368-CV

**BANCO POPULAR NORTH AMERICA, Appellant**
**V.**
**AMERICAN FUND US INVESTMENTS LP, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-13614**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

In three issues, Banco Popular North America appeals the trial court's denial of its motion for new trial. We affirm.

American Fund US Investments, LP, filed an application for a post-judgment writ of garnishment. In the application, AF stated it had a final, unsatisfied judgment against Wildcat Mockingbird, LLC and Concepts America, Inc., jointly and severally, for $918,582.93 in damages, $15,270.80 in attorney's fees, and $268 in costs. AF named JP Morgan Chase Bank and Banco Popular as garnishees because AF believed, based on representations Wildcat and Concepts made previously to AF, that Wildcat and Concepts had one or more bank accounts with JPMorgan and/or Banco Popular.

Banco Popular filed a verified original answer in which it stated:

As of the date of its answer, Garnishee is indebted to Concepts America Inc. in the amount of $918,582.93 in account number 6804615562 which is a Concepts America payroll account. . . Other than the indebtedness for Concepts America identified above, Banco Popular was not in the possession of any effects or any other indebtedness belonging to Concepts America or Wildcat Mockingbird LLC. at the time the writ was served or as of the date of this answer. . .

Attached to the verified answer was the affidavit of Poula Hatzi, stating she was duly authorized to provide the verification on behalf of Banco Popular and swearing that "the facts and statements are true and correct to the best of her knowledge." Thereafter, Banco Popular and AF signed an agreed final judgment that the trial court granted December 12, 2013. AF's claims against JPMorgan Chase were dismissed.

That same day, Banco Popular filed a motion for new trial in which it alleged it "incorrectly stated that it was indebted to Concepts America Inc." The bank claimed it meant to state that a hold of $918,582.93 had been placed on the payroll account and that the account, in fact, had a zero balance. Banco Popular argued the trial court should set aside the agreed judgment under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939), because the "entry of judgment was based on a fundamental misunderstanding and was a mistake and accident." The trial court denied the motion for new trial.

In its first issue, Banco Popular claims the trial court erred by failing to specify in the order its reasons for denying the motion for new trial. In support of its complaint, Banco Popular cites Texas Rule of Civil Procedure 326 and the supreme court's opinion in *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756 (Tex. 2013) (orig. proceeding).

Rule 326 provides, "Not more than two new trials shall be granted either party in the same cause because of insufficiency or weight of the evidence." TEX. R. CIV. P. 326. This rule makes no mention of the form or substance for an order denying a motion for new trial and has no bearing on the facts of this case.

The opinion in *In re Toyota* addressed the requirements for an order granting a motion for new trial. In that case, the supreme court stated, "[A] trial court does not abuse its discretion so long as its stated reason for *granting* a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand." *In re Toyota Motor Sales*, 407 S.W.3d at 756−57 (emphasis added). Nothing in the opinion or the case law cited requires a trial court to state its reasons for denying a motion for new trial. *See id.*; *see also In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689 (Tex. 2012) (orig. proceeding). Because the trial court's order denied Banco Popular's motion for new trial, it was not required to give any reason for doing so. We overrule Banco Popular's first issue.

In its second issue, Banco Popular claims the trial court abused its discretion by denying its motion for new trial because its original answer and the judgment were based on an accident or mistake. In its motion for new trial, the bank's affiant testified she apparently misread the affidavit and meant to say there were no funds in the account. In light of this, Banco Popular argues the "good cause" standard of *Craddock* should have been applied and the agreed judgment set aside.

In *Craddock*, the defendant bus company received citation of the lawsuit but "in some unexplained manner, the letter transmitting the citation became mixed with the general, or less important mail . . . and was not discovered until September 10, the day upon which the default judgment was rendered." When discovered, the citation was taken immediately to the attorneys for the insurance company who was obligated to defend the bus company and, the following day, a motion for new trial was filed. *Id*. at 125. The trial court denied the motion for new trial, and

the court of appeals reversed. On further appeal, the supreme court addressed the trial judges' desire to have a principle or rule to guide them when considering motions for new trials in cases in which a default judgment had been granted. *Id*. at 126. Specifically, the court held: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff." *Id*.

In contrast to the facts in *Craddock*, however, Banco Popular filed a verified answer and signed an agreed judgment. Because the *Craddock* rule applies to default judgments "in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident," we cannot conclude *Craddock* applies to the facts of this case. The trial court did not err by denying Banco Popular's motion for new trial on this basis. *See Craddock*, 133 S.W.2d at 126. We overrule Banco Popular's second issue.

In its final issue, Banco Popular contends the trial court erred by not having a hearing "to determine the Absolute Obligation Owed" before entering the agreed judgment. Banco Popular cites us to no law, and we have found none, that requires a trial court to hold an evidentiary hearing before entering an agreed judgment.

A valid agreed judgment cannot be rendered by a court when consent by one of the parties is lacking. *See Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951). Consent must exist at the very moment the court undertakes to make the agreement the judgment of the court, and a trial court should not enter an agreed judgment if it possesses information that would reasonably prompt further inquiry, and such inquiry, if pursued, would disclose a lack of consent.

–4–

*Id.* When consent has either been withdrawn or is lacking at the time the agreed judgment is rendered, the judgment is void. *See Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982).

In this case, the record reflects AF stated, in its application for writ of garnishment, that Wildcat Mockingbird, LLC and Concepts America, Inc., jointly and severally, owed AF $918,582.93 in damages. In its verified answer, Banco Popular did not dispute this amount and signed an agreed judgment in the amount of $918,582.93. Furthermore, Banco Popular did not withdraw its consent to the agreed judgment before the judgment was entered. Nothing in the record indicates the trial court possessed information that would reasonably prompt further inquiry that could reveal a lack of consent. Under these circumstances, we cannot conclude the trial court erred. *See Arriaga v. Cavazos*, 880 S.W.2d 830, 833 (Tex. App.—San Antonio 1994, no writ) (stating party has right to revoke consent to settlement agreement any time before rendition of judgment, but not after rendition); *see also W. L. Moody & Co., Bankers v. Yarbrough*, 510 S.W.2d 396, 398−99 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (court, acting in ministerial capacity, is empowered to enter agreed judgment without regard to pleadings and proof). We overrule Banco Popular's third issue.

We affirm the trial court's judgment.


140368F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BANCO POPULAR NORTH AMERICA,
Appellant

No. 05-14-00368-CV          V.

AMERICAN FUND US INVESTMENTS
LP, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 13-13614.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AMERICAN FUND US INVESTMENTS LP recover its costs of this appeal from appellant BANCO POPULAR NORTH AMERICA.

Judgment entered April 17, 2015.